■ GERALD BETKE, Appellant, v ARCHWOOD ESTATES, INC., et al., Respondents. [690 NYS2d 78] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Phelan, J.), dated May 23, 1997, as denied that branch of his motion which was for partial summary judgment

on so much of his third cause of action as asserted claims under Labor Law § 240 (1) and § 241 (6) and granted those branches of the defendants' respective cross motions which were for partial summary judgment dismissing so much of the third cause of action as asserted claims under Labor Law § 240 (1) and § 241 (6).

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the defendants' respective cross motions which were for partial summary judgment dismissing so much of the third cause of action as asserted a claim under Labor Law § 241 (6), and substituting therefor a provision denying those branches of the defendants' cross motions; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court's dismissal of the cause of action under Labor Law § 241 (6) was improper since one of the alleged violations of specific conduct as codified in the Industrial Code (12 NYCRR 23-1.7[f]) was sufficiently specific to sustain a Labor Law § 241 (6) cause of action (*see, Akins v Baker,* 247 AD2d 562; *Gielow v Coplan Home,* 251 AD2d 970). However, under the circumstances, the plaintiff is not entitled to summary judgment on this cause of action.

The plaintiff's argument concerning his Labor Law § 240 (1) claim is without merit (*see, DeMayo v 1000 N.,* 246 AD2d 506). Mangano, P. J., Sullivan, Joy and Altman, JJ., concur.