■ JOHN E. CODY, Respondent-Appellant, v RICHARD E. GARMAN et al., Appellants-Respondents. [697 NYS2d 792] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff commenced this action to recover damages for injuries he sustained during the construction of a single-family residence. Plaintiff was painting a dormer when his foot slipped on the roof and he fell to the ground. The residence is owned by defendants Richard E. Garman and Patricia Garman. Defendants Jerry Parrish and Chris Hogan, employees of defendant ABC Paving Co., Inc. (ABC Paving), performed services for the Garmans in connection with the construction, including soliciting and reviewing bids from contractors, reviewing bills and invoices for accuracy, arranging the work schedules of the contractors and providing access to the worksite.

Supreme Court erred in granting plaintiff's motion for partial summary judgment on liability under Labor Law § 240 (1) and denying defendants' cross motions insofar as they sought summary judgment dismissing the Labor Law § 240 (1) claims. "Owners of a one-family residence or their agents who contract for but do not direct or control the work are not liable under Labor Law § 240 (1)" (*Nowak v Kiefer,* 256 AD2d 1129, *lv dismissed in part and denied in part* 93 NY2d 887, *rearg dismissed* 93 NY2d 1000). Defendants established as a matter of law that they did not direct or control plaintiff's work (*see, Kostyj v Babiarz,* 212 AD2d 1010, 1011), and plaintiff failed to raise a triable issue of fact with respect to defendants' liability under Labor Law § 240 (1). In addition, ABC Paving established as a matter of law that, contrary to plaintiff's allegation, it was not the general contractor on the project and thus is not subject to liability as a contractor under Labor Law § 240 (1) (*see, Feltt v Owens,* 247 AD2d 689).

The court also erred in denying defendants' cross motions insofar as they sought summary judgment dismissing the

common-law negligence and Labor Law § 200 claims. Defendants met their burden of establishing that they exercised no supervisory control over the manner or method of plaintiff's work, and plaintiff failed to raise a triable issue of fact (*see, Nowak v Kiefer, supra,* at 1130; *Riley v Stickl Constr. Co.,* 242 AD2d 936, 937).

The court properly granted defendants' cross motions insofar as they sought summary judgment dismissing the Labor Law § 241 (6) claims. The violations of the Industrial Code alleged by plaintiff for the first time on appeal are not properly before us (*see, Thompson v Marotta,* 256 AD2d 1124, 1125; *Phelan v State of New York,* 238 AD2d 882, 883, *lv denied* 90 NY2d 812), and plaintiff otherwise failed to allege the violation of any concrete specifications of the Industrial Code (*see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 505).

We modify the order, therefore, by denying plaintiff's motion, granting defendants' cross motions in their entirety and dismissing the second amended complaint. (Appeals from Order of Supreme Court, Erie County, Notaro, J.—Summary Judgment.) Present—Green, J. P., Lawton, Hayes, Hurlbutt and Balio, JJ.