OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs. After completing his work for the day, plaintiff, a demolition worker employed by third-party defendant, began to alight from his demolition vehicle. The vehicle was equipped with a track system on each side to maneuver it through the construction site. The vehicle was not equipped with a step to assist operators in their entry or exit from the vehicle. Plaintiff stepped down from the cab of the vehicle and placed his foot onto the vehicle’s track, using it like a step. Plaintiff claimed his foot slipped off the track because grease had previously leaked onto the track’s surface. Plaintiff fell approximately three feet to the ground and suffered injury.
 

 As a matter of law, the risk of alighting from the construction vehicle was not an elevation-related risk which
 
 *885
 
 calls for any of the protective devices of the types listed in Labor Law § 240 (1)
 
 (see, Rocovich v Consolidated Edison Co.,
 
 78 NY2d 509, 514-515). Moreover, plaintiff failed to adduce any evidence to support his Labor Law § 200 claim that defendant had created, or had prior notice of, the greasy condition of the track
 
 (see, Lombardi v Stout,
 
 80 NY2d 290, 294-295). Finally, plaintiffs arguments under the Industrial Code regulations are either unpreserved or without merit.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley and Rosenblatt concur.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, in a memorandum.