■ DONALD G. LESSARD, Appellant, v NIAGARA MOHAWK POWER CORPORATION, Respondent, et al., Defendant. CATERPILLAR, INC., Third-Party Plaintiff, v TUSCARORA CONSTRUCTION Co., INC., et al., Third-Party Defendants-Respondents. [715 NYS2d 816] —Order unanimously affirmed without costs. Memorandum: Plaintiff, a track loader operator employed by third-party defendant, Tuscarora Construction Co., Inc. (Tuscarora), the general contractor on a construction project at a site owned by defendant-third-party defendant, Niagara Mohawk Power Corporation (Niagara Mohawk), was injured when he stepped from the cab of the front end loader that he was operating onto the tracks of the loader, in order to latch the door. Plaintiff slipped on the tracks of the loader and fell approximately 4½ feet to the ground below, sustaining back and leg injuries. Plaintiff commenced this action against Niagara Mohawk, alleging a cause of action for negligence as well as a cause of action under Labor Law §§ 200, 240 (1), and § 241 (6). Plaintiff also commenced a separate products liability action against defendant Caterpillar, Inc. (Caterpillar). The two actions were consolidated, and Caterpillar commenced a third-party action against Niagara Mohawk and Tuscarora seeking common-law indemnification. Thereafter, Niagara Mohawk moved for summary judgment dismissing the complaint, and plaintiff cross-moved for partial summary judgment on the issue of liability under Labor Law § 240 (1). Plaintiff withdrew his Labor Law § 200 claim.

Supreme Court properly granted that part of Niagara Mohawk's motion seeking summary judgment dismissing the Labor Law § 240 (1) claim and properly denied plaintiff's cross motion. Plaintiff's fall from the tracks of the construction vehicle was not an elevation-related risk that calls for any of the protective devices of the types listed in Labor Law § 240 (1) (*see, Bond v York Hunter Constr.,* 95 NY2d 883; *see also, Tillman v Triou's Custom Homes,* 253 AD2d 254, 256-257).

The court also properly granted that part of Niagara Mohawk's motion seeking summary judgment dismissing the Labor Law § 241 (6) claim. That claim was premised on an alleged violation of 12 NYCRR 23-1.7 (d), which provides for protection from slipping hazards. Although 12 NYCRR 23-1.7 (d) is specific enough to support a Labor Law § 241 (6) claim (*see, Francis v Aluminum Co.,* 240 AD2d 985, 987-988; *Cafarella v Harrison Radiator Div. of Gen. Motors,* 237 AD2d 936, 937), that regulation is inapplicable to this case because the tracks of the construction vehicle from which plaintiff fell do not constitute an elevated working surface within the meaning of that regulation (*see,* 12 NYCRR 23-1.7 [d]; *Francis v Aluminum Co., supra,* at 987-988). (Appeal from Order of Supreme Court, Onondaga County, Major, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Wisner, Kehoe and Balio, JJ.