[731 NYS2d 803]

ANDREW W. PANEK et al., Respondents, v COUNTY OF ALBANY et al., Appellants.

Third Department, November 1, 2001

## APPEARANCES OF COUNSEL

*Bond, Schoeneck & King, L. L. P.,* Syracuse (*John H. Callahan* of counsel), for appellants.

*Buckley, Mendleson & Criscione, P. C.,* Albany (*John J. Criscione* of counsel), for respondents.

## OPINION OF THE COURT

SPAIN, J.

On March 25, 1999, plaintiff Andrew W. Panek (hereinafter plaintiff), an airway facility system specialist, sustained injuries when he fell while standing on a stepladder while in the process of removing an air handler affixed to the ceiling of an old air traffic control tower located at the Albany County Airport in the Town of Colonie, Albany County. Plaintiff's employer, the Federal Aviation Administration (hereinafter FAA), leased the tower from defendant Albany County Airport Authority, owned by defendant County of Albany. The two-foot by four-foot air handlers weighed 200 to 300 pounds each and were affixed with bolts to an I-beam in the second floor ceiling. The handlers were part of the tower's cooling system for the equipment located in the tower and their removal required cutting pipes and plumbing, removing electrical distribution lines and studs and detaching the bolts.

In February 1999, the FAA moved into a new air traffic control tower constructed by defendants. At the time of the accident, plaintiff was involved in the FAA's efforts to remove its equipment and fixtures from the old tower which were to be used in other FAA facilities, defendants having advised the FAA to remove whatever it wanted to salvage prior to the scheduled demolition of the old tower in April 1999. Plaintiff had removed one air handler, which was lowered with a lift, and was in the process of removing the second one when the accident occurred.

After the accident, plaintiff and his wife, derivatively, commenced this action against defendants alleging violations of Labor Law §§ 200, 240 (1) and § 241 (6) as well as common-law

negligence. Plaintiffs moved for summary judgment on their Labor Law § 240 (1) claim and defendants cross-moved for summary judgment dismissing the entire complaint. Supreme Court granted plaintiffs' motion, finding defendants liable under Labor Law § 240 (1) as a matter of law, and denied defendants' cross motion as moot. Defendants appeal.

■ Absolute liability under Labor Law § 240 (1) is not limited to work performed at construction sites (*see, Joblon v Solow*, 91 NY2d 457, 464). To be within the purview of this statute, however, an injured employee must have been engaged in one of the specifically enumerated protected activities, i.e., "the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" (Labor Law § 240 [1]; *see, Martinez v City of New York*, 93 NY2d 322, 326; *LaFontaine v Albany Mgt.*, 257 AD2d 319, *lv denied* 94 NY2d 751). We find that plaintiff was not engaged in any activity protected by this statute at the time of his fall and injury and, accordingly, defendants' motion for summary judgment dismissing plaintiffs' claim premised upon Labor Law § 240 (1) should have been granted. While the work removing the heavy and cumbersome air handlers was substantial and arguably dangerous, this factor alone does not bring plaintiff's injury within the narrow confines of this statute (*see, Robertson v Little Rapids Corp.*, 277 AD2d 560, 561). Nor does our analysis turn on the fact that defendants did not benefit from the FAA's salvage work or contract for it, factors which are irrelevant to defendants' potential liability under Labor Law § 240 (1) which is premised upon defendants' ownership of the tower (*see, Gordon v Eastern Ry. Supply*, 82 NY2d 555, 560).

Initially, at the time of plaintiff's injury, neither plaintiff nor the FAA were involved in "demolition" work within the meaning of Labor Law § 240 (1) and, indeed, defendants had contracted with a third party to demolish the old, out-of-use tower at a future, scheduled date. Plaintiff's salvage work was to be completed prior to the commencement of any demolition work on the tower and, thus, could not be viewed as part of the future demolition work (*see, LaFontaine v Albany Mgt., supra*, at 321; *Rosen v General Elec. Co.*, 204 AD2d 978; *cf., Corey v Gorick Constr. Co.*, 271 AD2d 911; *see also, Martinez v City of New York, supra*, at 326).

Secondly, we are unable to agree with Supreme Court's conclusion that plaintiff's work salvaging and removing FAA property and equipment in advance of defendants' contemplated demolition of the tower constituted "altering" the tower

within the intendment of Labor Law § 240 (1) (*see, Strunk v Buckley*, 251 AD2d 491, 492; *Rosen v General Elec. Co., supra; Meehan v Mobil Oil Corp.*, 184 AD2d 1021, 1022, *lv dismissed* 80 NY2d 925, *lv denied* 85 NY2d 804). In our view, the definition of "altering" within the meaning of Labor Law § 240 (1)— "making a *significant* physical change to the configuration or composition of the building or structure" (*Joblon v Solow*, 91 NY2d 457, 465, *supra* [emphasis in original])—is not so broad as to include FAA's predemolition salvage work. Altering, like the other enumerated, protected activities other than demolition (i.e., erection, repairing, painting, cleaning and pointing), necessarily and logically contemplates the continued use of the building or structure whose composition or configuration is being substantially changed physically (*see, e.g., Weininger v Hagedorn & Co.*, 91 NY2d 958; *Joblon v Solow, supra; Smith v Pergament Enters.*, 271 AD2d 870; *Bedassee v 3500 Snyder Ave. Owners Corp.*, 266 AD2d 250; *Di Giulio v Migliore*, 258 AD2d 903; *Catoliato v Sam's Club*, 254 AD2d 62, *lv dismissed* 93 NY2d 888; *Morales v City of New York*, 245 AD2d 431).

While it is not dispositive that plaintiff's salvage and removal work did not represent an improvement to the tower, we do believe it to be dispositive that plaintiff was simply removing FAA equipment for use elsewhere, i.e., extracting equipment to avoid its destruction in demolition, and was not engaged in demolition activity or reconfiguring or recomposing the tower's components. Also, plaintiff's salvage efforts were not part of any repair project (*cf., Johnson v Rapisarda*, 262 AD2d 365) or renovation (*cf., Quinn v Fisher Dev.*, 272 AD2d 106). In sum, although we have not previously addressed this issue, we hold that efforts to salvage and remove property and equipment—even if substantial—undertaken in anticipation of scheduled demolition work by another entity, do not involve "erection, demolition, repairing, altering, painting, cleaning or pointing" (Labor Law § 240 [1]).

■ Turning to plaintiffs' causes of action premised upon Labor Law § 200 and common-law negligence, defendants are correct that their cross motion for dismissal of these claims should have been granted. The undisputed evidence established that defendants did not direct the manner of or exercise supervisory control over plaintiff's specific work of removing the air handlers, or generally over the FAA's removal of equipment from the old tower, and there was no proof that defendants had actual or constructive knowledge of any alleged defect in the ladder (*see, Bush v Williams*, 279 AD2d 772, 773;

*Hutchins v Finch, Pruyn & Co.*, 267 AD2d 809, 810, *lv denied* 94 NY2d 762). As such, defendants were entitled to summary judgment dismissing these claims.

We next turn to defendants' contention that they were entitled to summary judgment dismissing plaintiffs' Labor Law § 241 (6) cause of action, finding that the implementing regulations upon which plaintiffs rely are either inapplicable or insufficient to support the claim or that plaintiffs failed to establish a violation. First, 12 NYCRR 23-1.5 relates to general safety standards which are not concrete specifications sufficient to impose a duty on defendants (*see, Narrow v Crane-Hogan Structural Sys.*, 202 AD2d 841, 842; *see also, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501-502). Second, 12 NYCRR 23-1.7 (b), pertaining to hazardous openings and bridge or highway overpass construction, has no application to the circumstances of plaintiff's accident. Likewise, 12 NYCRR 23-1.16 and 23-1.17, which set forth rules for the use of safety belts, harnesses, tail lines, lifelines and life nets, are inapplicable as no such devices were provided to plaintiff and nothing in the regulations required that they be furnished in the performance of this project (*see, Spenard v Gregware Gen. Contr.*, 248 AD2d 868, 870-871; *Lawyer v Rotterdam Ventures*, 204 AD2d 878, 881, *lv dismissed* 84 NY2d 864). Finally, while plaintiffs also rely on 12 NYCRR 23-1.21 which applies to ladders, they fail to specify in admissible form how any provision of that rule was violated (*see, Lawyer v Rotterdam Ventures, supra*, at 881). Accordingly, defendants' motion for summary judgment dismissing plaintiffs' Labor Law § 241 (6) cause of action is granted.

CARDONA, P. J., MERCURE, CARPINELLO and ROSE, JJ., concur.

Ordered that the order is reversed, on the law, without costs, plaintiff's motion for partial summary judgment denied, defendants' cross motion for summary judgment granted and complaint dismissed.