■ ROBERT L. MATTINGLY, JR., Respondent, v AES CORPORATION et al., Appellants, et al., Defendants. [737 NYS2d 497] —Appeal from an order of Supreme Court, Niagara County (Lane, J.), entered June 7, 2001, which, inter alia, denied the cross motion of defendants AES Corporation, AES Eastern Energy LP, and AES Somerset for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is modified on the law by denying plaintiff's motion and granting that part of the cross motion of defendants AES Corporation, AES Eastern Energy LP, and AES Somerset for summary judgment dismissing the Labor Law § 240 (1) claim against them and dismissing that claim against them and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained when the handrail he was using to climb through a manway detached, causing him to fall just under 2½ feet to the floor. We agree with AES Corporation, AES Eastern Energy LP, and AES Somerset (defendants) that Supreme Court erred in granting plaintiff's motion for partial summary judgment on the issue of liability under Labor Law § 240 (1) and should have granted that part of defendants' cross motion for summary judgment dismissing

that claim. Plaintiff was not subject to any "exceptionally dangerous conditions posed by elevation differentials," nor is the handrail one of the types of safety devices enumerated in the statute (*Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, 491, *rearg denied* 87 NY2d 969; *see*, Labor Law § 240 [1]). Plaintiff's accident resulted from the usual and ordinary dangers of the workplace and not from a hazard contemplated by Labor Law § 240 (1) (*see generally*, *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514-515). We therefore modify the order accordingly. We have examined defendants' remaining contention and conclude that it lacks merit.

All concur except Green, J.P., and Scudder, J., who dissent in part and vote to affirm in the following memorandum.

Green, J.P., and Scudder, J. (dissenting in part). We respectfully dissent. In our view, Supreme Court properly granted plaintiff's motion for partial summary judgment on the issue of liability under Labor Law § 240 (1). Plaintiff was required to exit a wind box or outlet duct through a manway, a rectangular opening 2½ feet from the floor, two feet high and 1½ feet wide. In order to exit the wind box, plaintiff had to place his feet outside the opening while in a horizontal position with his back toward the floor, and he had to use a handrail for leverage to move through the wind box and out the manway. The handrail broke, causing plaintiff to fall. We disagree with the majority that the handrail is not a safety device within the meaning of the statute (*see*, *Covey v Iroquois Gas Transmission Sys.*, 89 NY2d 952, 954). Plaintiff was suspended over the floor and relied upon the handrail to exit safely through the manway, and the handrail did not prevent plaintiff from falling. Thus, the court properly determined that plaintiff is entitled to partial summary judgment under Labor Law § 240 (1) where, as here, "the 'core' objective of section 240 (1) was not met" (*Gordon v Eastern Ry. Supply*, 82 NY2d 555, 561). Present—Green, J.P., Wisner, Scudder, Gorski and Lawton, JJ.