■ STEVEN PLUMP, Appellant, v WYOMING COUNTY et al., Respondents. [748 NYS2d 195] —Appeal from a judgment of Supreme Court, Wyoming County (Griffith, J.), entered September 6, 2001, which, inter alia, granted defendants' motion for summary judgment and dismissed the complaint.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: At the outset we note that plaintiff appealed from the order granting summary judgment dismissing the complaint rather than from the subsequent judgment in which the order was subsumed. In our discretion, we treat the notice of appeal as taken from the subsequent judgment (*see* CPLR 5520 [c]; *Hughes v Nussbaumer, Clarke & Velzy*, 140 AD2d 988). Plaintiff was injured when he fell 4½ feet from the flatbed of a delivery truck at a construction site. He commenced this action against the owners of the construction site alleging, inter alia, the violation of Labor Law § 240 (1) and § 241 (6). Supreme Court properly granted that part of defendants' motion seeking summary judgment dismissing the Labor Law § 240 (1) claim and properly denied plaintiff's cross motion seeking partial summary judgment on liability on that claim. As this Court has previously determined, the surface of a flatbed truck does not constitute an elevated work surface for purposes of Labor Law § 240 (1) (*see Tillman v Triou's Custom*

*Homes,* 253 AD2d 254, 257). Plaintiff's injury arose out of the "usual and ordinary dangers at a construction site," not an elevation-related risk (*Nieves v Five Boro A.C. & Refrig. Corp.,* 93 NY2d 914, 916; *see Rodriguez v Tietz Ctr. for Nursing Care,* 84 NY2d 841, 843; *Mattingly v AES Corp.,* 291 AD2d 862, *appeal dismissed* 98 NY2d 647).

Also contrary to plaintiff's contention, the court properly granted that part of defendants' motion seeking summary judgment dismissing the Labor Law § 241 (6) claim. The regulations relied on by plaintiff, 12 NYCRR 23-1.7 (b) (1) (i), 23-1.15, 23-1.16, and 23-1.17, have no application to the facts of this case (*see Frank v Meadowlakes Dev. Corp.,* 256 AD2d 1141, 1142; *Bennion v Goodyear Tire & Rubber Co.,* 229 AD2d 1003; *see also Panek v County of Albany,* 286 AD2d 86, 90; *Luckern v Lyonsdale Energy Ltd. Partnership,* 281 AD2d 884, 886-887). Present—Wisner, J.P., Hurlbutt, Scudder and Kehoe, JJ.