■ STEVEN SANTORO et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY, Respondent, and GENERAL RAILWAY SIGNAL CORPORATION, Defendant and Third-Party Plaintiff-Respondent. MASS ELECTRIC CONSTRUCTION COMPANY, Third-

Party Defendant-Respondent. [755 NYS2d 425] —In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated September 21, 2001, as denied their motion for summary judgment on their Labor Law § 240 (1) claim, and granted those branches of the separate cross motions of the defendant New York City Transit Authority, the defendant third-party plaintiff, General Railway Signal Corporation, and the third-party defendant, Mass Electric Construction Company, which were for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to New York City Transit Authority and Mass Electric Construction Company.

The plaintiff Steven Santoro allegedly was injured when he fell or jumped from the back of a flatbed truck when the truck began to tilt as he was operating an attached boom. The plaintiffs commenced this action against the defendants for damages arising from, inter alia, a violation of Labor Law § 240 (1). The Supreme Court denied the plaintiffs' motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), and granted those branches of the separate cross motions of the defendant New York City Transit Authority, the defendant third-party plaintiff, General Railway Signal Corporation, and the third-party defendant, Mass Electric Construction Company, which were for summary judgment dismissing the complaint. We affirm.

The plaintiffs failed to demonstrate that the injuries alleged arose from a special elevation-related risk for which the protective devices in the statute were prescribed (*see Tillman v Triou's Custom Homes,* 253 AD2d 254 [1999]; *see also Bond v York Hunter Constr.,* 95 NY2d 883 [2000]; *Dilluvio v City of New York,* 264 AD2d 115 [2000], *affd* 95 NY2d 928 [2000]). The "extraordinary protections of Labor Law § 240 (1) extend only to a narrow class of special hazards, and do 'not encompass *any and all* perils that may be connected in some tangential way with the effects of gravity'" (*Nieves v Five Boro A.C. & Refrig. Corp.,* 93 NY2d 914, 915-916 [1999], quoting *Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 501 [1993] [emphasis in original]; *see Tsatsakos v Citicorp,* 295 AD2d 500 [2002]).

In opposition to the respondents' prima facie demonstration of entitlement to judgment as a matter of law on the plaintiffs' Labor Law § 200 and common-law negligence claims, the

plaintiffs failed to raise a triable issue of fact that the defendants either had actual or constructive notice of a defective or dangerous condition, or exercised supervision and control over the work being performed (*see Bond v York Hunter Constr., supra*). The general supervisory power over the underlying project exercised by the defendants was insufficient (*see Alexandre v City of New York,* 300 AD2d 263 [ 2002]; *Singleton v Citnalta Constr. Corp.,* 291 AD2d 393 [2002]). Altman, J.P., Florio, H. Miller and Adams, JJ., concur.