JOHN AMANTIA, Respondent-Appellant, v BARDEN & ROBE- SON CORPORATION et al., Appellants-Respondents. [833 NYS2d 784]—

Appeal and cross appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered July 12, 2006 in a personal injury action. The order denied in part defendants' motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for partial summary judgment on liability under Labor Law § 240 (1) and § 241 (6).

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by grant-

ing the motion in its entirety and dismissing the complaint and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking to recover damages for injuries he sustained while working for a subcontractor engaged by defendants to build the concrete foundation for their new home. On the day of the accident, plaintiff was in the back of a cargo truck unloading forms used to hold the concrete for the foundation walls. The forms were made of aluminum and were three feet wide and four feet high. The truck's cargo floor was 48 inches above the ground. In order to enter the cargo area of the truck, plaintiff leaned one of the forms against the rear bumper of the truck and climbed up the form. When plaintiff wanted to exit the cargo area of the truck for his lunch break, he again leaned a form against the rear bumper and began to step down from the truck onto the form. On his second step, "the form tilted to the right" and plaintiff fell. Plaintiff does not know what caused the form to tilt to the right.

Supreme Court properly granted that part of defendants' motion for summary judgment dismissing plaintiff's Labor Law § 240 (1) claim and properly denied that part of plaintiff's cross motion for partial summary judgment on liability with respect to that claim. In order to trigger the extraordinary protections of section 240 (1), a worker must be performing a task that inherently entails "a significant risk . . . because of the relative elevation at which the task must be performed or at which materials or loads must be positioned or secured" (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514 [1991]). Contrary to the contention of plaintiff, his work in unloading the cargo truck, including entering and exiting the truck, does not trigger the protections of section 240 (1) "because there was no exceptionally dangerous condition posed by the elevation differential between the [cargo floor] of the truck and the ground, and there was no significant risk inherent in the particular task plaintiff was performing because of the relative elevation at which he was performing that task" (*Tillman v Triou's Custom Homes*, 253 AD2d 254, 257 [1999]; *see Toefer v Long Is. R.R.*, 4 NY3d 399, 408 [2005]; *Piccolo v St. John's Home for Aging*, 11 AD3d 884, 885 [2004]; *Santoro v New York City Tr. Auth.*, 302 AD2d 581, 582 [2003]; *Plump v Wyoming County*, 298 AD2d 886, 886-887 [2002]).

Contrary to plaintiff's further contention, the court properly granted that part of defendants' motion for summary judgment dismissing the Labor Law § 241 (6) claim with respect to the alleged violations of 12 NYCRR 23-1.21 (b) (1) and (4) (v) and 23-

1.22 (b) (4). 12 NYCRR 23-1.21 (b) (1) and (4) (v) are inapplicable to the facts of this case because plaintiff did not fall from a ladder. Even if the form from which plaintiff fell could be considered a ladder within the meaning of those regulations, they are nevertheless inapplicable because there is no evidence that the accident was caused by or related to any insufficiency in the strength of the form (*see* 12 NYCRR 23-1.21 [b] [1]; *Cruz v Seven Park Ave. Corp.*, 5 Misc 3d 1018[A], 2004 NY Slip Op 51417[U]), or that the form was leaned against "a slippery surface" (12 NYCRR 23-1.21 [b] [4] [v]). 12 NYCRR 23-1.22 (b) (4) is inapplicable because the form did not extend to "a height of more than four feet above the ground" (*id.*). We agree with defendants that 12 NYCRR 23-1.21 (b) (4) (i) and 23-1.7 (f), the remaining regulations relied upon by plaintiff to support his Labor Law § 241 (6) claim, are inapplicable, and thus that the court erred in failing to grant in its entirety that part of defendants' motion for summary judgment dismissing that claim. We therefore modify the order accordingly. Section 23-1.21 (b) (4) (i) is inapplicable because the form was not used as a regular means of access between floors or levels of a building or structure (*see Jamison v County of Onondaga*, 17 AD3d 1142, 1143 [2005]). Section 23-1.7 (f) is inapplicable because the cargo floor of the truck "cannot be said to be a 'working level[ ] above . . . ground' requiring a stairway, ramp or runway under that section" (*Farrell v Blue Circle Cement, Inc.*, 13 AD3d 1178, 1180 [2004], *lv denied* 4 NY3d 708 [2005]). Present—Hurlbutt, J.P., Gorski, Lunn, Peradotto and Green, JJ.