■ CHRIS LAVORE, Respondent, v KIR MUNSEY PARK 020, LLC, et al., Appellants. [835 NYS2d 708]—

In an action to recover damages for personal injuries, (1) the defendant Kir Munsey Park 020, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated August 1, 2005, as granted that branch of the plaintiff's cross motion which was for leave to amend the bill of particulars with respect to the Labor Law § 241 (6) cause of action to the extent that it was predicated on a violation of Industrial Code (12 NYCRR) § 23.1-7 (f) and § 23-5.1 (h), denied that branch of its motion which was for summary judgment dismissing the plaintiff's Labor Law § 240 (1) cause of action insofar as asserted against it, and denied that

branch of its motion which was for summary judgment dismissing the plaintiff's Labor Law § 241 (6) cause of action insofar as asserted against it except to the extent it was predicated on a violation of Industrial Code § 23-1.7 (b), and (2) the defendant Whole Foods Market Group, Inc., appeals, as limited by its brief, from so much of the same order as denied that branch of its motion which was for summary judgment dismissing the plaintiff's Labor Law § 240 (1) cause of action insofar as asserted against it and denied that branch of its motion which was for summary judgment dismissing the plaintiff's Labor Law § 241 (6) cause of action insofar as asserted against it except to the extent it was predicated on a violation of Industrial Code § 23-1.7 (b).

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, those branches of the defendants' respective motions which were for summary judgment dismissing the plaintiff's causes of action pursuant to Labor Law § 240 (1) and § 241 (6) insofar as asserted against them are granted, and that branch of the plaintiff's cross motion which was for leave to amend the bill of particulars with respect to the Labor Law § 241 (6) cause of action to the extent that it was predicated on a violation of Industrial Code § 23.1-7 (f) and § 23-5.1 (h) is denied as academic.

The plaintiff was injured when he fell while descending from the side of his utility truck. The truck had a flatbed with utility bins and ladder racks installed along the length of each side, and a tailgate at the back. Prior to the accident, the plaintiff had laid planks across the sides of the truck in order to create an elevated platform, which he then used to reach his work area. At one point, the plaintiff was asked to move the truck. After successfully descending from the platform into the back of the truck, putting away his tools, removing the planks and placing them in the bed of the truck, the plaintiff fell as he was alighting from the side of the truck to the ground.

The Supreme Court erred in denying those branches of the defendants' separate motions which were for summary judgment dismissing the plaintiff's Labor Law § 240 (1) cause of action. Under the circumstances presented, the approximately five-foot elevation between the top of the truck's utility bin and the ground did not present an "elevation-related risk" for purposes of Labor Law § 240 (1) (*see Toefer v Long Is. R.R.*, 4 NY3d 399, 408 [2005] ["four-to-five-foot descent from a flatbed trailer or similar surface does not present the sort of elevation-related risk that triggers Labor Law § 240 (1)'s coverage"]; *see also Bond v York Hunter Constr.*, 95 NY2d 883, 884-885 [2000];

*Dilluvio v City of New York*, 95 NY2d 928, 929 [2000]; *Amantia v Barden & Robeson Corp.*, 38 AD3d 1167 [2007]).

Moreover, the plaintiff's cause of action pursuant to Labor Law § 241 (6) should have been dismissed, as the specific Industrial Code provisions he relies upon have no application under the facts presented. Subdivision 23-1.7 (f) of the Industrial Code provides, in relevant part, that "[s]tairways, ramps or runways shall be provided as the means of access to working levels above or below ground" (12 NYCRR 23-1.7 [f]). The utility bin on the side of the plaintiff's truck, however, cannot be said to be a working level above ground requiring a stairway, ramp, or runway under that section (*see Farrell v Blue Circle Cement, Inc.*, 13 AD3d 1178, 1180 [2004]; *Amantia v Barden & Robeson Corp., supra*). Likewise, subdivision 23-5.1 (h) of the Industrial Code, which provides that "[e]very scaffold shall be erected and removed under the supervision of a designated person" (12 NYCRR 23-5.1 [h]), has no relevance here, since the plaintiff's use of the truck as the functional equivalent of a "scaffold" (*cf. Watson v Hudson Val. Farms*, 276 AD2d 1004 [2000]) had already ceased, and the planks placed across the sides of the truck had already been safely removed, before the accident occurred. Thus, any violation of that section would be causally unrelated to the plaintiff's subsequent fall from the side of the truck.

The defendants' remaining contentions are academic or need not be reached in light of our determination. Schmidt, J.P., Goldstein, Fisher and Lifson, JJ., concur.