JOSEPH INTELISANO, Respondent, v SAM GRECO CONSTRUCTION, INC., et al., Appellants. [890 NYS2d 683]—

---

Kane, J.

Plaintiff was employed by a roofing subcontractor working on a construction project. He was assigned to assist in unloading bundles of insulation from a flatbed trailer. To do this, he was required to get on top of the bundles and attach a strap around them to a crane. Because no ladder or scaffold was provided, to get on top of the bundles, which were 10 feet high and stacked on the flatbed which was four feet above the ground, plaintiff climbed up on the spare tire attached between the trailer and truck cab. Once atop the spare tire, he grabbed the top of the shrink-wrapped bundle of insulation with both hands, pulled himself up as if doing a chin-up, and swung his leg to the side to get his entire body on top of the bundles. As he swung his leg to the side, his hands slipped, causing him to fall to the ground and break his heel.

To recover for his injuries, plaintiff commenced this action against the owner of the property and general contractor, alleging common-law negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6). Defendants moved for summary judgment dismissing the complaint. Plaintiff cross-moved for summary judgment on the issue of liability under Labor Law § 240 (1). Supreme Court granted plaintiff's cross motion, denied the portions of defendants' motion pertaining to Labor Law § 240 (1) and § 241 (6), but partially granted defendants' motion by dismissing the causes of action alleging common-law negligence and violations of Labor Law § 200. Defendants appeal.

Supreme Court properly granted summary judgment in plaintiff's favor on the issue of defendants' liability under Labor Law § 240 (1). To prevail on that cause of action, plaintiff was required to show that defendants violated the statute and the violation was a proximate cause of his accident (see *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287 [2003]; *Cody v State of New York*, 52 AD3d 930, 931 [2008]). While fall-

ing from the bed of a truck is not the kind of elevation-related hazard contemplated by the statute (*see Toefer v Long Is. R.R.*, 4 NY3d 399, 408 [2005]; *Lavore v Kir Munsey Park 020, LLC*, 40 AD3d 711, 712 [2007], *lv denied* 10 NY3d 701 [2008]; *Amantia v Barden & Robeson Corp.*, 38 AD3d 1167, 1168 [2007]), Labor Law § 240 (1) can be applied where some risk-enhancing circumstance implicates the protections of the statute (*see Berg v Albany Ladder Co., Inc.*, 40 AD3d 1282, 1284 [2007], *affd* 10 NY3d 902 [2008]). Plaintiff was hanging from the 10-foot-high stack of insulation bundles, with his hands 14 feet above the ground, and was trying to swing his body to that height when he fell. These circumstances constitute an elevation-related risk greater than merely falling from the bed of a trailer (*see Ford v HRH Constr. Corp.*, 41 AD3d 639, 640-641 [2007]; *Monroe v Bardin*, 249 AD2d 650, 652 [1998]; *compare Berg v Albany Ladder Co., Inc.*, 40 AD3d at 1284-1285). As no safety devices were provided to assist plaintiff in reaching the insulation or prevent him from falling from a height, and such devices could have prevented plaintiff's accident, defendants violated the statute and that violation constituted a proximate cause of the accident.* Thus, plaintiff was entitled to summary judgment on the issue of liability under Labor Law § 240 (1).

Because 12 NYCRR 23-1.7 (f) mandates specific conduct and may have been violated here by defendants' failure to provide plaintiff with a ladder, Supreme Court properly denied that part of defendants' motion seeking summary judgment on his Labor Law § 241 (6) cause of action (*see Seepersaud v City of New York*, 38 AD3d 753, 755 [2007]; *Gonzalez v Pon Lin Realty Corp.*, 34 AD3d 638, 639 [2006]; *Betke v Archwood Estates*, 261 AD2d 427, 428 [1999]).

Peters, J.P., Stein and Garry, JJ., concur. Ordered that the order is affirmed, with costs.

---

* We reject defendants' argument that plaintiff's actions were the sole proximate cause of the accident. The assertion that he intentionally jumped from the top of the insulation bundles is based upon speculation and misconstrues the deposition testimony of a person who did not actually witness the accident (*compare Danton v Van Valkenburg*, 13 AD3d 931, 932 [2004]).