# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1121**
**CA 11-00585**
PRESENT: SCUDDER, P.J., CENTRA, FAHEY, PERADOTTO, AND LINDLEY, JJ.

---

JOSHUA BROWNELL, PLAINTIFF-APPELLANT,

V                                                        MEMORANDUM AND ORDER

BLUE SEAL FEEDS, INC., DOING BUSINESS AS
BLUE SEAL FEEDS MILLS AND BLUE SEAL FEEDS RETAIL
STORE, JOSEPH J. BENNETT, DEBRA KAY BENNETT
AND HERTEL STEEL, INC., DEFENDANTS-RESPONDENTS.

---

THE ROTHSCHILD LAW FIRM, P.C., EAST SYRACUSE (MARTIN J. ROTHSCHILD OF
COUNSEL), FOR PLAINTIFF-APPELLANT.

COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (DONALD S. DIBENEDETTO OF
COUNSEL), FOR DEFENDANT-RESPONDENT HERTEL STEEL, INC.

SUGARMAN LAW FIRM, LLP, SYRACUSE (TIMOTHY J. PERRY OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS JOSEPH J. BENNETT AND DEBRA KAY BENNETT.

---

Appeal from an order of the Supreme Court, Jefferson County (Hugh
A. Gilbert, J.), entered November 24, 2010 in a personal injury
action.  The order granted defendants' motions for summary judgment
dismissing the second amended complaint.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by denying that part of the motion of
defendant Hertel Steel, Inc. for summary judgment dismissing the
common-law negligence claim against it in the first cause of action
and the fourth cause of action and reinstating that claim against
defendant Hertel Steel, Inc. and that cause of action and as modified
the order is affirmed without costs.

Memorandum:  Plaintiff commenced this Labor Law and common-law
negligence action seeking damages for injuries he sustained while
working at premises owned by defendants Joseph J. Bennett and Debra
Kay Bennett (Bennett defendants) and leased to defendants Blue Seal
Feeds, Inc., doing business as Blue Seal Feeds Mills and Blue Seal
Feeds Retail Store.  The Bennett defendants contracted with
plaintiff's employer to construct an addition on the premises, and
plaintiff's employer contracted with defendant Hertel Steel, Inc.
(Hertel Steel) to supply steel rebar for the project.  On the date of
the accident, Hertel Steel delivered steel rebar to the premises on a
flatbed truck.  According to plaintiff, he climbed onto a four-foot
pile of rebar stacked on the truck in order to ascertain the best
method for unloading the rebar.  As plaintiff was in the process of

swinging his right leg over the top of the pile, the pile "shifted" or "snapped," striking his left foot. The momentum of the shifting rebar "threw [plaintiff] off the truck" and onto the ground. The Bennett defendants moved for summary judgment dismissing the second amended complaint against them, and Hertel Steel moved for summary judgment dismissing the second amended complaint and all cross claims against it. Plaintiff contends on appeal that Supreme Court erred in granting the motion of the Bennett defendants as well as that part of the motion of Hertel Steel with respect to the second amended complaint.

Addressing first the motion of the Bennett defendants, we conclude that the court properly granted that part of their motion for summary judgment dismissing the Labor Law § 240 (1) cause of action against them inasmuch as "[p]laintiff's fall . . . was not an elevation-related risk that calls for any of the protective devices of the types listed in Labor Law § 240 (1)" (*Lessard v Niagara Mohawk Power Corp.*, 277 AD2d 941, 941; *see generally Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267). It is well established that "the surface of a flatbed truck does not constitute an elevated work surface for purposes of Labor Law § 240 (1)" (*Plump v Wyoming County*, 298 AD2d 886, 886; *see Toefer v Long Is. R.R.*, 4 NY3d 399, 405; *Lavore v Kir Munsey Park 020, LLC*, 40 AD3d 711, 712-713, *lv denied* 10 NY3d 701). Contrary to plaintiff's contention, the fact that he allegedly fell while he was "standing on [a pile of rebar] rather than standing on the bed of the truck does not move this case from one involving the ordinary dangers of a construction site to one involving the special risks protected by Labor Law § 240 (1)" (*Berg v Albany Ladder Co.*, 40 AD3d 1282, 1284-1285, *affd* 10 NY3d 902). Likewise without merit is plaintiff's alternative contention that section 240 (1) applies because the accident was caused by the force of gravity acting upon a falling object, i.e., the rebar pile. Plaintiff was not struck by a falling object; rather, plaintiff's own deposition testimony establishes that the bundle or piece of rebar that struck his leg swung outward in a horizontal direction (*see Toefer*, 4 NY3d at 408; *see also Medina v City of New York*, 87 AD3d 907). In any event, the rebar bundle did not fall "while being hoisted or secured," and thus Labor Law § 240 (1) does not apply for that reason as well (*Narducci*, 96 NY2d at 268; *cf. Mentesana v Bernard Janowitz Constr. Corp.*, 44 AD3d 721, 721-722).

We further conclude that the court properly granted that part of the motion of the Bennett defendants with respect to the Labor Law § 241 (6) cause of action against them inasmuch as the specific Industrial Code section upon which plaintiff relies on appeal does not apply to the facts of this case. 12 NYCRR 23-1.7 (f), entitled "[v]ertical passage," provides that "[s]tairways, ramps or runways shall be provided as the means of access to working levels above or below ground except where the nature or the progress of the work prevents their installation in which case ladders or other safe means of access shall be provided." The stack of rebar is not a "working level above ground requiring a stairway, ramp, or runway under that section" (*Lavore*, 40 AD3d at 713; *see Amantia v Barden & Robeson Corp.*, 38 AD3d 1167, 1169; *Farrell v Blue Circle Cement*, *Inc.*, 13 AD3d

1178, 1179-1180, *lv denied* 4 NY3d 708).  Plaintiff on appeal has abandoned any contention with respect to the remaining alleged violations of the Industrial Code sections set forth in his second amended complaint and plaintiff's bill of particulars in response to the Bennett defendants' demand therefor, and we therefore do not address them (*see McCormick v 257 W. Genesee, LLC*, 78 AD3d 1581, 1583; *Ciesinski v Town of Aurora*, 202 AD2d 984).  Plaintiff also has abandoned any contentions with respect to the first cause of action against the Bennett defendants, for common-law negligence and the violation of Labor Law § 200.

With respect to the motion of Hertel Steel, we further conclude that the court properly granted those parts of its motion with respect to the Labor Law causes of action against it.  By the express terms of Labor Law § 240 (1) and § 241 (6), the nondelegable duties imposed by those statutes apply only to "contractors and owners and their agents."  Similarly, Labor Law § 200 is a codification of "landowners' and general contractors' common-law duty to maintain a safe workplace" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505).  Here, "[i]n the absence of any evidence that [Hertel], which was responsible for [fabricat]ing and delivering [rebar] to the construction site, exercised any authority or control over the work site or the work giving rise to the plaintiff's injuries, the . . . [c]ourt properly concluded that [Hertel] was not a statutory agent of either an owner or general contractor" (*Brooks v Harris Structural Steel*, 242 AD2d 653).

We agree with plaintiff, however, that the court erred in granting that part of Hertel Steel's motion for summary judgment dismissing the common-law negligence claim in the first cause of action against Hertel Steel, as well as the fourth cause of action, for common-law negligence, which was asserted solely against it.  We therefore modify the order accordingly.  Hertel Steel's own submissions in support of its motion raise issues of fact whether its employees were negligent in the bundling, loading or securing of the rebar, and whether such negligence was a proximate cause of plaintiff's injuries (*see Farrington v Bovis Lend Lease LMB, Inc.*, 51 AD3d 624, 626; *Kelarakos v Massapequa Water Dist.*, 38 AD3d 717, 719).

Entered:  November 10, 2011                 Patricia L. Morgan
                                            Clerk of the Court