# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1360
CA 12-00504
PRESENT: CENTRA, J.P., FAHEY, SCONIERS, VALENTINO, AND MARTOCHE, JJ.

---

DEBRA J. MILLER, INDIVIDUALLY AND AS
ADMINISTRATRIX OF THE ESTATE OF EDWARD M.
MILLER, DECEASED, PLAINTIFF-APPELLANT,

                        V                              MEMORANDUM AND ORDER

SAVARINO CONSTRUCTION CORPORATION AND
26 MISSISSIPPI STREET LLC,
DEFENDANTS-RESPONDENTS.

---

SPADAFORA & VERRASTRO, LLP, BUFFALO (RICHARD E. UPDEGROVE OF COUNSEL),
FOR PLAINTIFF-APPELLANT.

LAW OFFICES OF LAURIE G. OGDEN, BUFFALO (TARA E. WATERMAN OF COUNSEL),
FOR DEFENDANTS-RESPONDENTS.

---------------------------------------------------------------------------------

        Appeal from an order of the Supreme Court, Niagara County
(Richard C. Kloch, Sr., A.J.), entered December 8, 2011.  The order
granted defendants' motion for summary judgment.

        It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

        Memorandum:  Plaintiff commenced this personal injury and
wrongful death action after plaintiff's decedent suffered a fatal
heart attack at a building (building) allegedly owned by defendant 26
Mississippi Street LLC (26 Mississippi) that was undergoing renovation
and rehabilitation from a warehouse into a mixed-use facility
(hereafter, project).  Decedent's employer had been hired to provide
temporary heat to the building, and defendant Savarino Construction
Corporation (Savarino Construction) had been hired as the construction
manager with respect to the project.  Decedent suffered the heart
attack after ascending five flights of stairs to reach the uppermost
floor of the building, where a temporary heat cannon that decedent and
a coworker were to attach to a rigid natural gas line was located.
Supreme Court granted defendants' motion for summary judgment
dismissing the complaint against them, and we affirm.

        We reject at the outset defendants' contention that plaintiff
abandoned her appeal with respect to 26 Mississippi (*cf. Ciesinski v
Town of Aurora*, 202 AD2d 984, 984).  Turning to the merits, we agree
with defendants that the court properly granted those parts of the
motion for summary judgment dismissing the Labor Law § 200 and common-
law negligence causes of action.

" 'Section 200 of the Labor Law is a codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work' " (*Fisher v WNY Bus Parts, Inc.*, 12 AD3d 1138, 1139, quoting *Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877; *see Brownell v Blue Seal Feeds, Inc.*, 89 AD3d 1425, 1427). "[W]here, as here, a plaintiff's injuries stem not from the manner in which the work was being performed[ ] but, rather, from a dangerous condition on the premises, [an owner or] general contractor may be liable in common-law negligence and under Labor Law § 200 if it has control over the work site and actual or constructive notice of the dangerous condition" (*Ozimek v Holiday Val., Inc.*, 83 AD3d 1414, 1416 [internal quotation marks omitted]; *see Piazza v Frank L. Ciminelli Constr. Co., Inc.*, 2 AD3d 1345, 1349).

Here, defendants submitted in support of their motion an abstract of title for the property on which the building was located (abstract), which establishes that nonparty Michigan Street Development, LLC (Michigan Street), not 26 Mississippi, owned the building at all times relevant to this matter. Defendants therefore met their initial burden on that part of the motion concerning the Labor Law § 200 and common-law negligence causes of action with respect to 26 Mississippi (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562; *Biggs v Hess*, 85 AD3d 1675, 1675), and plaintiff failed to raise a triable issue of fact in opposition (*cf. Palermo v Taccone*, 79 AD3d 1616, 1620; *see generally Zuckerman*, 49 NY2d at 562). With respect to Savarino Construction, defendants submitted the contract pursuant to which Michigan Street retained Savarino Construction to serve as the construction manager at the project (contract). Under the contract, Savarino Construction was responsible for, inter alia, coordinating the activities and safety programs of the contractors at the project, but had no control over the acts, omissions or safety precautions of the contractors. Thus, inasmuch as Savarino Construction was not responsible either for the performance of that work or the premises on which that work was undertaken, defendants met their initial burden on that part of the motion concerning the Labor Law § 200 and common-law negligence causes of action with respect to Savarino Construction (*see Ozimek*, 83 AD3d at 1416; *see generally Zuckerman*, 49 NY2d at 562), and plaintiff failed to raise a triable issue of fact in opposition (*see generally Zuckerman*, 49 NY2d at 562). Even assuming, arguendo, that the bill of particulars specified that decedent's death arose from the method of decedent's work rather than the condition of the building, we conclude that the result would be the same. Defendants established as a matter of law that they did not have the authority to supervise or control the methods and manner of decedent's work, and plaintiff failed to raise a triable issue of fact sufficient to defeat that part of the motion concerning the Labor Law § 200 and common-law negligence causes of action (*see John v Klewin Bldg. Co., Inc.*, 94 AD3d 1502, 1503).

We further conclude that the court properly granted that part of the motion seeking summary judgment dismissing the Labor Law § 241 (6) cause of action. Here, through the submission of the abstract and the contract, defendants established that 26 Mississippi is not an "owner" within the meaning of Labor Law § 241 (6) (*see generally Scaparo v*

*Village of Ilion*, 13 NY3d 864, 866), and plaintiff failed to raise an issue of fact in opposition (*see generally Zuckerman*, 49 NY2d at 562). Moreover, we conclude that there is an issue of fact whether decedent was engaged in a protected activity under section 241 (6) (*cf. Love v New York State Thruway Auth.*, 17 AD3d 1000, 1002-1003; *see generally Zuckerman*, 49 NY2d at 562), but we also conclude with respect to both defendants that the court properly granted that part of their motion seeking summary judgment dismissing the section 241 (6) cause of action because plaintiff failed to support that cause of action by alleging the violation of a qualifying provision of the Industrial Code (*see Piazza*, 2 AD3d at 1348).  In her bill of particulars, plaintiff appeared to premise her section 241 (6) cause of action on the alleged violation of 12 NYCRR 23-2.7 (a), but on appeal plaintiff abandoned any contention with respect to that Industrial Code section, and we therefore do not address it (*see Brownell*, 89 AD3d at 1427; *Ciesinski*, 202 AD2d at 984).  "The violations of the Industrial Code alleged by plaintiff for the first time on appeal are not properly before us . . . , and plaintiff otherwise failed to allege the violation of any concrete specifications of the Industrial Code" (*Cody v Garman*, 266 AD2d 850, 851; *see Thompson v Marotta*, 256 AD2d 1124, 1125).  Plaintiff's contention that she may rely on the violation of New York State Building Code 3002.4 to support the section 241 (6) cause of action is also raised for the first time on appeal (*see Cody*, 266 AD2d at 851), and in any event lacks merit (*cf. Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 351 n; *Millard v City of Ogdensburg*, 274 AD2d 953, 954).

Finally, we agree with defendants that the court properly granted those parts of their motion seeking dismissal of the Labor Law causes of action against Savarino Construction because Savarino Construction was not a statutory agent of an owner or contractor (*see Brownell*, 89 AD3d at 1427-1428; *Uzar v Louis P. Ciminelli Constr. Co., Inc.*, 53 AD3d 1078, 1079).

Entered:  February 1, 2013                           Frances E. Cafarell
                                                     Clerk of the Court