■ RICHARD MOLLOY et al., Appellants, v LONG ISLAND RAILROAD et al., Respondents. [51 NYS3d 405]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered September 24, 2015, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion for summary judgment as to liability under Labor Law § 240 (1), and granted defendants' cross motion for summary judgment dismissing the Labor Law §§ 240 (1) and 200 and common-law negligence claims and the Labor Law § 241 (6) claim predicated on violations of Industrial Code (12 NYCRR) §§ 23-1.7 (f) and 23-1.30, unanimously affirmed, without costs.

Plaintiff Richard Molloy was injured when he fell from the cab of a locomotive on which he was a brakeman. As a matter of law, alighting from a construction vehicle does not pose an elevation-related risk calling for any of the protective devices listed in Labor Law § 240 (1) (*Bond v York Hunter Constr.*, 95 NY2d 883, 884-885 [2000]). The Industrial Code provisions cited as predicates for the Labor Law § 241 (6) claim have no application to plaintiff's accident. Defendants may not be held liable under Labor Law § 200 or in common-law negligence, because plaintiff's injuries arose out of the means and methods of his work, which defendants demonstrated they did not supervise or control (*see Alonzo v Safe Harbors of the Hudson Hous. Dev. Fund Co., Inc.*, 104 AD3d 446, 449 [1st Dept 2013]). Concur—Sweeny, J.P., Gische, Kahn and Gesmer, JJ. ▮