■ THEODORE W. ZACHER et al., Respondents, v NIAGARA FRONTIER SERVICES, INC., et al., Defendants, and CHARLESTOWNE FLOORS, INC., Appellant. TOPS MARKETS, INC., et al., Third-Party Plaintiffs, v BUTERA CARPET & TILE, INC., Third-Party Defendant-Appellant. [621 NYS2d 1015] —Order unanimously affirmed without costs. Memorandum: We reject the contention of defendant Charlestowne Floors, Inc., and third-party defendant, Butera Carpet & Tile, Inc. (defendants) that Supreme Court erred in denying their motion for partial summary judgment dismissing plaintiffs' Labor Law § 241 (6) cause of action. The requirement that "a plaintiff must allege violation of a specific safety regulation promulgated by the Commissioner of the Department of Labor" *(Foster v Spevack,* 198 AD2d 892, 894; *see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 505) was satisfied by the assertion in plaintiffs' bill of particulars that defendants violated 12 NYCRR 23-9.2

(a) *(see, Bloomfield v General Elec. Co.,* 198 AD2d 655). That regulation, promulgated under Labor Law § 241 (6), imposes upon owners, contractors and their agents an affirmative duty of maintenance and inspection of power-operated equipment. (Appeal from Order of Supreme Court, Niagara County, Mintz, J.—Partial Summary Judgment.) Present—Green, J. P., Wesley, Callahan, Doerr and Boehm, JJ.