■ WAYNE MITCHELL, Appellant, v TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY, Respondent. [633 NYS2d 318] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Friedmann, J.), dated October 28, 1993, as granted the branch of the defendant's motion for summary judgment which was to dismiss the plaintiff's cause of action pursuant to Labor Law § 241 (6). The appeal brings up for review so much of an order of the same court (Milano, J.), dated July 14, 1994, as denied the plaintiff's motion for renewal (see, CPLR 5517 [b]).

Ordered that the order dated July 14, 1994, is reversed insofar as reviewed with costs, the plaintiff's motion for renewal is granted, and upon renewal, the provision of the order

dated October 28, 1993, which granted the branch of the defendant's motion which was to dismiss the plaintiff's cause of action pursuant to Labor Law § 241 (6) is denied, and that cause of action is reinstated.

The plaintiff was injured in a construction accident when an outrigger of a crane crushed his foot. He commenced this action alleging, *inter alia,* a violation of Labor Law § 241 (6) and the regulations promulgated thereunder in the Industrial Code Rules (12 NYCRR 19.1 *et seq.).* The plaintiff alleges a violation of 12 NYCRR 23-8.2 (b) (2) (iii), which provides, "Each outrigger on a mobile crane shall be visible from its actuating location". Since this provision sets forth concrete specifications, rather than general safety standards, the defendant's compliance with this provision is nondelegable *(see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494). Furthermore, we find that the examination before trial of the crane operator, which had not been taken at the time of the original motion, and thus, was submitted on the motion to renew, raises an issue of fact as to whether 12 NYCRR 23-8.2 (b) (2) (iii) was violated. Accordingly, the plaintiff's cause of action under Labor Law § 241 (6) should be determined by a trier of fact. Mangano, P. J., Miller, Santucci and Hart, JJ., concur.