■ FREDERICK WEBBER et al., Respondents-Appellants, v CITY OF DUNKIRK, Appellant-Respondent. (Appeal No. 1.) [641 NYS2d 927] —Order affirmed without costs. Memorandum: Frederick Webber (plaintiff) was injured as he stood in front of a backhoe raking blacktop. The engine of the backhoe was running, and the operator was inside. The bucket of the backhoe was off the ground. As plaintiff was raking with his back to the backhoe, it moved forward, and one of its treads struck him on the back of his right leg. Plaintiff testified at his deposition that he did not know what had caused the backhoe to move forward. There is no affidavit or deposition testimony from the backhoe operator in the record.

Supreme Court properly denied that portion of defendant's motion for summary judgment that sought dismissal of the cause of action under Labor Law § 241 (6). To establish a cause of action against a nonsupervising owner or contractor under that subdivision, a plaintiff must allege a violation of a specific regulatory requirement (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501-505). The court properly determined that two of the regulations relied upon by plaintiffs, i.e., 12 NYCRR 23-4.2 (k) and 23-9.2 (b), are not sufficiently specific to support a cause of action under Labor Law § 241 (6) (*see, Ross v Curtis-Palmer Hydro-Elec. Co., supra*). The court also properly determined that the third regulation relied upon by plaintiffs, i.e., 12 NYCRR 23-9.5 (c), is sufficiently specific to support the section 241 (6) cause of action. That regulation requires, *inter alia,* that the bucket of an excavating machine rest on the ground when the machine is not in use. We reject defendant's contention that the machine was "in use" so that the regulation does not apply. An excavating machine need not be stopped or parked for it to be "not in use"; such reading would render 12 NYCRR 23-9.5 (f) superfluous. The machine was stationary while its operator waited for plaintiff and the other three laborers to rake the blacktop. A jury could find that, in those circumstances, the regulation requires that the bucket of the backhoe rest on the ground.

Although defendant contends that plaintiffs failed to demonstrate that the alleged violation was a proximate cause of the accident, defendant has not controverted the averment of plaintiffs' expert that, had the bucket been resting on the ground, the backhoe could not have moved forward as it did. The court properly rejected plaintiffs' contention that the operator should have left the bucket on the ground while moving the backhoe forward so that the bucket would have made a scraping sound to alert plaintiff.

Plaintiffs' contention that defendant also violated 12 NYCRR 23-9.2 (a), which is sufficiently specific to support a cause of action under section 241 (6) (*see, Zacher v Niagara Frontier Servs.*, 210 AD2d 897, 897-898), was raised for the first time in opposition to defendant's motion to reargue and therefore was properly not considered by the court.

All concur except Lawton and Balio, JJ., who dissent in part and vote to modify in the following Memorandum.

Lawton and Balio, JJ. (dissenting in part). We agree that 12 NYCRR 23-4.2 (k) and 23-9.2 (b) do not contain specific and concrete standards sufficient to support a Labor Law § 241 (6) cause of action and that the issue whether 12 NYCRR 23-9.2

(a) is sufficiently specific to support such a cause of action is not properly before us. We dissent, however, because the requirement of 12 NYCRR 23-9.5 (c) that the blade or dipper bucket rest on the ground or grade when the backhoe is not in use does not apply. The uncontroverted proof shows that the backhoe was in use at the time of the accident. Frederick Webber (plaintiff) stated in his affidavit that the backhoe machine "was driven" over the back of his leg and that the machine operator "drove" the backhoe machine over his leg and foot. Further, we conclude that any violation of section 23-9.5 (c) was not a proximate cause of the accident. Thus, we would grant summary judgment dismissing the Labor Law § 241 (6) cause of action.

We reject the contention that the backhoe was not in use while the workers were raking the blacktop. The operator remained in the backhoe with the engine running. The regulations do not require that the bucket be lowered to the ground every time the backhoe momentarily stops during a construction task. We likewise reject the contention that, had the operator lowered the bucket while waiting for the workers to rake the blacktop, the workers would have been alerted to any forward movement of the backhoe by the revving of the engine when the operator raised the bucket, and thus, that the failure to lower the bucket was a proximate cause of the accident. Plaintiffs presented no evidence that the requirements of section 23-9.5 (c) are designed to provide a warning to workers concerning forward movement of the backhoe. Further, the contention that a revving engine necessarily would warn workers that the backhoe is moving forward is pure speculation; an operator might rev an engine for any number of reasons. (Appeals from Order of Supreme Court, Chautauqua County, Gerace, J.—Labor Law.) Present—Denman, P. J., Lawton, Wesley, Balio and Davis, JJ.