[687 NYS2d 506]

CHARLES TILLMAN et al., Respondents-Appellants, v TRIOU's Custom Homes, Inc., et al., Respondents and Third-Party Plaintiffs-Respondents. PHELPS CEMENT PRODUCTS, INC., Third-Party Defendant-Appellant-Respondent.

Fourth Department, March 19, 1999

### APPEARANCES OF COUNSEL

*Saperston & Day, P. C.,* Rochester (*Elizabeth Stundtner* and *Roy Z. Rotenberg* of counsel), for third-party defendant-appellant-respondent.

*Martin & Iati,* Rochester (*Janice M. Iati* of counsel), for defendants and third-party plaintiffs-respondents.

*Bond & McDonald,* Geneva (*William J. McDonald* of counsel), for plaintiffs-respondents-appellants.

### OPINION OF THE COURT

CALLAHAN, J.

Defendant Triou's Custom Homes, Inc. (Triou) was the general contractor on a contract to construct a single-family residence. Triou entered into a subcontract with defendant Zurich Masonry, Inc. (Zurich) to do the masonry work. Charles Tillman (plaintiff), a truck driver employed by third-party defendant, Phelps Cement Products, Inc. (Phelps), was driving a 10-wheel flatbed truck loaded with cement blocks on the construction site when two outside rear tires blew out. Plaintiff nevertheless proceeded to unload the cement blocks from the bed of the truck using an attached 20-foot boom. As he was lowering a unit of blocks, the truck tipped, and plaintiff fell 4½ feet from the truck to the ground, causing a fracture of his right leg.

Plaintiffs sued Triou and Zurich, alleging violations of Labor Law §§ 200, 240 (1) and § 241 (6). Zurich and Triou denied liability and asserted cross claims against each other for indemnification. Triou and Zurich filed third-party complaints against Phelps seeking common-law indemnification. Phelps asserted counterclaims against Triou and Zurich for indemnification.

Following discovery, Triou and Zurich moved for summary judgment for common-law indemnification in the third-party actions. Phelps opposed the motion and cross-moved, *inter alia*, for summary judgment dismissing the Labor Law § 200 claim and section 240 (1) cause of action. Plaintiffs opposed the motion and cross-moved, *inter alia,* for partial summary judgment on the issue of liability under Labor Law § 240 (1). In reliance upon this Court's decision in *Orr v Christa Constr.* (206 AD2d 881), Supreme Court concluded that plaintiff's fall from the rear of the flatbed truck was within the purview of Labor Law § 240 (1). The court granted plaintiffs' cross motion for partial summary judgment on the issue of liability under Labor Law § 240 (1) and denied that part of Phelps' cross motion for summary judgment dismissing that cause of action; determined that Triou and Zurich were only vicariously liable for plaintiff's injuries and granted their motion for a conditional judgment based on common-law indemnification against Phelps; concluded that plaintiffs failed to show that either Triou or Zurich had control or supervision of the injury-producing work; and granted that part of Phelps' cross motion for summary judgment dismissing the Labor Law § 200 claim. The court *sua sponte* determined that, although plaintiffs alleged a violation of numerous provisions of the Industrial Code, "there was no attempt made to specifically explain how these regulations have been violated" and dismissed the Labor Law § 241 (6) claim. Phelps appeals, and plaintiffs cross-appeal only with respect to the dismissal of the Labor Law § 241 (6) claim.

Labor Law § 240 (1) was enacted "in recognition of the exceptionally dangerous conditions posed by elevation differentials at work sites" for "workers laboring under unique gravity-related hazards" (*Misseritti v Mark IV Constr. Co.,* 86 NY2d 487, 491, *rearg denied* 87 NY2d 969). Those special hazards, however, "do not encompass *any and all* perils that may be connected in some tangential way with the effects of gravity" (*Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 501; *see also, Rodriguez v Tietz Ctr. for Nursing Care,* 84 NY2d 841). Absolute liability under Labor Law § 240 (1) may be

imposed only upon a showing that an injured worker fell from an elevated work surface or was struck by an object falling from an elevated work surface (*see, Staples v Town of Amherst,* 146 AD2d 292, 293). There must be a significant risk inherent in the particular task that the worker is performing because of the relative elevation at which the task must be performed (*see, Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 514).

The narrow question to resolve in this case is whether the surface of a flatbed truck constitutes an elevated work surface for purposes of Labor Law § 240 (1). We conclude that it does not (*see, DePuy v Sibley, Lindsay & Curr Co.,* 225 AD2d 1069; *Gaul v Motorola, Inc.,* 216 AD2d 879; *Colopy v William C. McCombs, Inc.,* 203 AD2d 920, 921; *Cipolla v Flickinger Co.,* 172 AD2d 1064; *see also, Mortellaro v State Farm Mut. Auto. Ins. Co.,* — AD2d —, 1999 NY Slip Op 02417 [decided herewith]). Plaintiffs rely on *Orr v Christa Constr. (supra)* and *Cox v LaBarge Bros. Co.* ([appeal No. 2] 154 AD2d 947, *lv dismissed* 75 NY2d 808), but we conclude that those cases are factually distinguishable from this case. Labor Law § 240 (1) does not cover plaintiff's accident because there was no exceptionally dangerous condition posed by the elevation differential between the flatbed portion of the truck and the ground, and there was no significant risk inherent in the particular task plaintiff was performing because of the relative elevation at which he was performing that task (*see, Misseritti v Mark IV Constr. Co., supra,* at 491; *Rocovich v Consolidated Edison Co., supra,* at 514).

The court also erred in dismissing the Labor Law § 241 (6) claim against Triou, the general contractor (*see, Ross v Curtis-Palmer Hydro-Elec. Co., supra,* at 501-502). Section 241 (6) imposes a nondelegable duty on owners and contractors to provide reasonable and adequate protection and safety for workers and requires compliance with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor (*see, Ross v Curtis-Palmer Hydro-Elec. Co., supra,* at 501-502). In their bill of particulars, plaintiffs cite numerous violations of the Industrial Code, most of which have been abandoned on appeal. We conclude that 12 NYCRR 23-8.2 (b) (1) and (2) are sufficiently specific to support a section 241 (6) claim against Triou and apply to the circumstances of this case (*see, Mitchell v Triborough Bridge & Tunnel Auth.,* 220 AD2d 727, 728). We further conclude that 12 NYCRR 23-8.2 (e) is sufficiently specific to support a section 241 (6) claim, but that there is an issue of fact whether that regulation was

violated. Although 12 NYCRR 23-9.2 (a) is sufficiently specific to support a section 241 (6) claim (*see, Webber v City of Dunkirk,* 226 AD2d 1050, 1051), that regulation does not apply to the circumstances of this case because there is no evidence that the truck-hoist was defective.

The court, however, properly dismissed the section 241 (6) claim against Zurich. Zurich was merely a subcontractor with no power to direct or control plaintiff's work, and was not Triou's agent for purposes of liability under Labor Law § 241 (6) (*see, Russin v Picciano & Son,* 54 NY2d 311, 317-318).

Accordingly, the order should be modified by denying plaintiffs' cross motion for partial summary judgment on the issue of liability under Labor Law § 240 (1); granting that part of Phelps' cross motion seeking dismissal of the section 240 (1) cause of action; and reinstating the Labor Law § 241 (6) claim against Triou.

DENMAN, P. J., GREEN, HAYES and WISNER, JJ., concur.

Order unanimously modified, on the law, and as modified, affirmed, without costs, in accordance with the opinion by CALLAHAN, J.