■ WILSON D. DREW et al., Respondents, v J.A. CARMEN TRUCKING Co., INC., Appellant, et al., Defendant. [778 NYS2d 819]—

Appeal from an order of the Supreme Court, Oneida County (John G. Ringrose, A.J.), entered September 15, 2003 in an action to recover damages for personal injuries. The order granted plaintiffs' motion for partial summary judgment on liability and directed that the depositions of plaintiffs be conducted by a certain date.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, plaintiffs' motion is denied, the motion of defendant J.A. Carmen Trucking Co., Inc. is granted and the depositions of plaintiffs, if not already conducted on liability and damages, shall be conducted within 60 days of service of a copy of the order of this Court with notice of entry.

Memorandum: Plaintiffs commenced this negligence action to recover damages for injuries sustained by Wilson D. Drew (plaintiff) when the pickup truck operated by plaintiff collided with a tractor trailer owned by J.A. Carmen Trucking Co., Inc. (defendant) and operated by its then employee, defendant Leo C. Pinkston. The collision occurred when the tractor trailer failed to stop at a stop sign and entered an intersection in the path of plaintiff's oncoming vehicle. After joinder of issue and the completion of some discovery, defendant moved for an order compelling plaintiffs to submit to oral depositions. In response,

plaintiffs moved for partial summary judgment on liability. Supreme Court granted plaintiffs' motion "on all of the liability issues" and further ordered that "any depositions of the plaintiffs" be conducted by a certain date. Defendant contends that the court erred in granting plaintiffs' motion without affording defendant the opportunity to depose plaintiff on the issue of his comparative negligence. We agree.

Plaintiffs failed to meet their initial burden of establishing that plaintiff was free from comparative negligence as a matter of law (*see* CPLR 3212 [b]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Plaintiff's motion affidavit fails to address, inter alia, the speed limit governing the road on which plaintiff was traveling, his speed and the direction of his attention as he approached the intersection, the distance from which he had a clear view of the intersection, the location and speed of his vehicle when the tractor trailer entered the intersection, and whether he saw the tractor trailer at any time before it entered the intersection, all of which are or may be matters relevant to the issue of his comparative fault (*see generally Doctor v Juliana*, 277 AD2d 1013, 1014 [2000]; *King v Washburn*, 273 AD2d 725, 725-726 [2000]). The court therefore should have denied or continued plaintiffs' motion and should have granted defendant's motion, thereby affording defendant the opportunity to depose plaintiffs (*see* CPLR 3212 [f]; *Fisher v Ciarfella*, 300 AD2d 1028 [2002]; *Kindzierski v Foster*, 217 AD2d 998, 1000 [1995]).

Finally, we note that the court could not have properly granted partial summary judgment on liability even if plaintiffs met their burden on their motion with respect to negligence and comparative negligence because they failed to establish that plaintiff sustained a serious injury as defined in Insurance Law § 5102 (d) (*see Ruzycki v Baker*, 301 AD2d 48, 51-52 [2002]).

We therefore reverse the order, deny plaintiffs' motion and grant defendant's motion. The depositions of plaintiffs, if not already conducted on liability as well as on damages, shall be conducted within 60 days of service of a copy of the order of this Court with notice of entry. Present—Pine, J.P., Hurlbutt, Gorski, Martoche and Lawton, JJ.