■ FRED PICCOLO, Appellant, v ST. JOHN'S HOME FOR THE AGING, Doing Business as ST. JOHN'S MEADOWS, et al., Respondents, et al., Defendant. [782 NYS2d 475]—

Appeal from an order of the Supreme Court, Monroe County (Andrew V. Siracuse, J.), entered June 18, 2003. The order granted the motion of defendants St. John's Home for the Aging, doing business as St. John's Meadows, St. John's Meadows, Lahr Construction Corp., doing business as LeCesse Construction Company, and LeCesse Construction Company for summary judgment dismissing the common-law negligence cause of action and Labor Law §§ 200, 240 (1) and § 241 (6) claims against them and denied plaintiff's cross motion for summary judgment on the issue of liability under Labor Law § 240 (1).

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion in part and reinstating the Labor Law § 241 (6) claims against defendants St. John's Home for the Aging, doing business as St. John's Meadows, St. John's Meadows, Lahr Construction Corp., doing business as LeCesse Construction Company, and LeCesse Construction Company insofar as those claims are based on the alleged violation of 12 NYCRR 23-9.2 (a) and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he fell to the ground from the bed of a flatbed truck. Plaintiff was holding a hose in order to wash certain water service parts, and his coworker operated the "flush truck" in order to provide water for plaintiff's task. When no water was emitted from the hose, the coworker increased the valve pressure, resulting in a blast of air emitted from the hose that caused plaintiff to be lifted into the air and to fall to the ground. Contrary to the contention of plaintiff, Supreme Court properly granted that part of the motion of St. John's Home for the Aging, doing business as St. John's Meadows, St. John's Meadows, Lahr Construction Corp., doing business as LeCesse Construction Company, and LeCesse Construction Company (defendants) seeking summary judgment dismissing his Labor Law § 240 (1) claims against them. "As this Court has previously determined, the surface of a flatbed truck does not constitute an elevated work surface for purposes of Labor Law § 240 (1). . . . Plaintiff's injur[ies] arose out of the 'usual and ordinary dangers at a construction site,' not an elevation-related risk" (*Plump v Wyoming County,* 298 AD2d 886, 886-887 [2002]; *see Tillman v Triou's Custom Homes,* 253 AD2d 254, 257 [1999]). We further conclude that the court properly granted that part of the motion of defendants seeking summary judgment dismissing the common-law negligence cause of action and Labor Law § 200 claims against them. Although defendant LeCesse Construction Company had authority to require the correction of safety violations, the record supports the contention of defendants that they did not direct, supervise or control plaintiff's work at the time of the accident (*see Kazmierczak v Town of Clarence,* 286 AD2d 955, 956 [2001]).

We conclude, however, that the court erred in granting that part of the motion of defendants seeking summary judgment dismissing the claims pursuant to Labor Law § 241 (6) against them insofar as those claims are based on the alleged violation of 12 NYCRR 23-9.2 (a), and we therefore modify the order ac-

cordingly. That regulation provides, inter alia, that "[a]ll power-operated equipment shall be maintained in good repair and in proper operating condition at all times." We have previously determined that 12 NYCRR 23-9.2 (a) is sufficiently specific to support a claim pursuant to section 241 (6) (*see Tillman,* 253 AD2d at 258; *Webber v City of Dunkirk,* 226 AD2d 1050, 1051 [1996]; *Zacher v Niagara Frontier Servs.,* 210 AD2d 897, 897-898 [1994]). Section 241 (6) imposes a nondelegable duty upon owners and general contractors, regardless of the level of control or supervision, to comply with the regulations of the Commissioner of the Department of Labor (*see Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 501-502 [1993]). Even assuming, arguendo, that defendants met their initial burden, we conclude that plaintiff raised an issue of fact sufficient to defeat that part of the motion (*see generally Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). Plaintiff submitted the deposition testimony of his coworker that it was the practice at the end of the work day to drain the pump and tank in the flush truck and to blow out the lines and hoses with an air compressor in order to prevent ice from forming in the hoses. The coworker further testified that he believed that the hose did not work properly because it had not been cleaned well enough the night before, causing ice to form and preventing the flow of water. We have reviewed plaintiff's remaining contentions with respect to the claims pursuant to section 241 (6) and conclude that they are without merit. Present—Pigott, Jr., P.J., Pine, Scudder, Gorski and Lawton, JJ. [*See* 2003 NY Slip Op 51045(U).]