■ RICHARD BENEVENTO, Respondent, v CITY OF BUFFALO et al., Appellants. [902 NYS2d 864]—

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered June 8, 2009 in a personal injury action. The order, insofar as appealed from, denied in part defendants' motion for summary judgment.

It is hereby ordered that the order so appealed from is affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he allegedly sustained when the bucket of a backhoe near where he was standing swivelled and struck him. Plaintiff was a member of a construction crew that was assigned to dig holes in which trees were to be planted as part of a parking ramp construction project. Supreme Court denied defendants' motion for summary judgment dismissing the amended complaint with respect to the Labor Law § 241 (6) claim insofar as it is based on the alleged violation of 12 NYCRR 23-9.5 (c), but the court otherwise granted defendants' motion. We reject the contention of defendants that the court should have granted their motion in its entirety. Pursuant to that regulation, all persons other than the pitman and the excavating crew are prohibited from standing within range of the back of a power shovel bucket while the shovel is in operation, and the bucket must rest on the ground when the excavating machine is not "in use." We agree with defendants that plaintiff was engaged in excavation work within the meaning of 12 NYCRR 23-1.4 (b) (19) at the time of the accident and was therefore permitted to stand within range of the back of the bucket when the excavating machine, i.e., the backhoe, was in use.

Here, however, the deposition testimony of plaintiff describing the operation of the backhoe and his location at the time of the accident in relation to the backhoe differs markedly from the deposition testimony of the backhoe operator. According to plaintiff, after the backhoe operator had removed a scoop of dirt from the excavation site, plaintiff signaled to the operator and told him that he was going to sweep some dirt back into the hole. Plaintiff testified, "I already told him I was going to do

that, he should have stopped." Plaintiff submitted the affidavit of a construction and excavation safety expert who opined that, following plaintiff's signal to stop, the backhoe bucket should have been placed on the ground until the backhoe operator received further instructions from plaintiff. According to that expert, pursuant to custom and practice in the construction industry, as reflected in 12 NYCRR 23-9.5 (c), the operator should have placed the bucket on the ground and waited until plaintiff had finished sweeping the dirt.

The backhoe operator, on the other hand, testified at his deposition that he received no signal from plaintiff and that, shortly before striking plaintiff with the backhoe bucket once the operator began to dig again, he observed plaintiff standing away from the excavation site and speaking with a coworker.

Accepting plaintiff's version of the events, as we must for summary judgment purposes (*see generally Rizk v Cohen*, 73 NY2d 98, 103 [1989]), we reject defendants' contention that, notwithstanding plaintiff's signal, 12 NYCRR 23-9.5 (c) was not violated simply because the backhoe operator continued to operate and move the bucket through the excavation site. Indeed, under defendants' interpretation of the regulation, a backhoe operator could avoid the worker safety purposes of the regulation by keeping the bucket moving at all times. The backhoe operator could thus contend that the bucket was "in use" and therefore did not have to be on the ground, notwithstanding signals from coworkers or appropriate practice or custom in the industry. Rather, we conclude that a jury could find, under the circumstances described by plaintiff, that "the regulation requires that the bucket of the backhoe rest on the ground" (*Webber v City of Dunkirk*, 226 AD2d 1050, 1051 [1996]). We therefore further conclude on the record before us that there is a material issue of fact whether the backhoe was "in use" at the time of the accident, and thus whether the regulation in question applies (*see id.*).

All concur except Centra, J.P., and Lindley, J., who dissent and vote to reverse the order insofar as appealed from in accordance with the following memorandum.

Centra, J.P., and Lindley, J. (dissenting). We respectfully dissent and would reverse the order insofar as appealed from, grant defendants' motion for summary judgment in its entirety and dismiss the amended complaint. We cannot agree with the majority on the record before us that there is an issue of fact whether defendants violated 12 NYCRR 23-9.5 (c) (*see generally O'Donnell v Buffalo-DS Assoc., LLC*, 67 AD3d 1421, 1423 [2009], *lv denied* 14 NY3d 704 [2010]), and we thus would grant

that part of defendants' motion with respect to the Labor Law § 241 (6) claim. We agree with the majority that plaintiff was a member of an excavating crew and was engaged in excavating work at the time he was injured. Defendants therefore established as a matter of law that they did not violate that portion of the regulation that provides that "[n]o person other than the pitman and excavating crew shall be permitted to stand within range of the back of a power shovel or within range of the swing of the dipper bucket while the shovel is in operation" (12 NYCRR 23-9.5 [c]). We disagree with the majority, however, that there is a triable issue of fact whether defendants violated that portion of the regulation that provides that, "[w]hen an excavating machine is not in use, the blade or dipper bucket shall rest on the ground or grade" (id.). At the time of the accident, plaintiff and a backhoe operator were digging holes in which to plant trees along the side of a parking ramp. The backhoe operator would dig dirt from the hole and then swivel the bucket to dump the dirt into a dump truck. Plaintiff stood nearby to sweep up any spilled dirt. Accepting plaintiff's version of the accident as true as we must on this motion by defendants for summary judgment (see Rizk v Cohen, 73 NY2d 98, 103 [1989]), we note that, according to plaintiff's deposition testimony, plaintiff signaled to the backhoe operator that he was going to sweep the area after the backhoe operator dumped a bucket of dirt and that the backhoe operator responded, "okay." However, after emptying the bucket of dirt into the dump truck, the backhoe operator swivelled the bucket back to the hole where plaintiff was standing in accordance with his signal to the backhoe operator, and the backhoe operator struck plaintiff. Thus, while plaintiff's deposition testimony established that the backhoe should not have been in use at the time of the accident, it undisputably was in use for purposes of defendants' motion, i.e., accepting plaintiff's version of the accident as true. Although the regulation provides that when an excavating machine *is not* in use, the bucket must rest on the ground, here it was in use and thus the regulation was not violated. Present—Centra, J.P., Carni, Lindley, Green and Gorski, JJ.