In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated December 21, 2010, as granted those branches of the defendants’ motion which were for summary judgment dismissing the causes of action to recover damages pursuant to Labor Law § 240 (1) and § 241 (6).
Ordered that the order is affirmed insofar as appealed from, with costs.
*1003 The injured plaintiff, a painter, allegedly sustained injuries when a cart holding sheetrock, which was at a worksite located in a large open space, toppled and fell over, causing the cart and sheetrock to strike him in the right leg. At the time of the accident, the injured plaintiff was standing next to the cart, removing plastic sheeting he had previously placed over the cart to protect it while he painted the worksite. The injured plaintiff, with his wife suing derivatively, commenced this action against the building owner and general contractor, 1116 Kings Highway Realty, LLC, and Sajo Construction, Inc., respectively, seeking to recover damages pursuant to, inter alia, Labor Law § 240 (1) and § 241 (6). The defendants moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion.
The defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover damages pursuant to Labor Law § 240 (1) by submitting evidence demonstrating that the injuries resulted from a general hazard encountered at a construction site and were not “the direct consequence of a failure to provide” an adequate device of the sort enumerated in Labor Law § 240 (1). Those devices are intended to protect “against a risk arising from a physically significant elevation differential” (Runner v New York Stock Exch., Inc., 13 NY3d 599, 603 [2009]; see Narducci v Manhasset Bay Assoc., 96 NY2d 259, 268-269 [2001]; Misseritti v Mark IV Constr. Co., 86 NY2d 487, 491 [1995]; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501 [1993]; Rocovich v Consolidated Edison Co., 78 NY2d 509, 514 [1991]). In opposition, the plaintiffs failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
The cause of action pursuant to Labor Law § 241 (6) is predicated on 12 NYCRR 23-2.1 (a) (1), which requires owners and general contractors to store “[a]ll building materials ... in a safe and orderly manner” so as “not [to] obstruct any passageway, walkway, stairway or other thoroughfare” (id.). The defendants established their prima facie entitlement to judgment as a matter of law dismissing this cause of action with evidence demonstrating that 12 NYCRR 23-2.1 (a) (1) is inapplicable because the accident occurred in an open area of the worksite, not a “passageway, walkway, stairway or other thoroughfare” (id., see Cody v State of New York, 82 AD3d 925, 928 [2011]; Barrios v Boston Props. LLC, 55 AD3d 339 [2008]; Castillo v Starred City, 4 AD3d 320, 321 [2004]). In opposition, the plaintiffs failed to raise a triable issue of fact (see Arredondo v Valente, 94 AD3d 920 [2012]; DeLeon v State of New York, 22 AD3d 786, 788 [2005]).
*1004 Accordingly, the Supreme Court properly granted those branches of the defendants’ motion which were for summary judgment dismissing the causes of action to recover damages pursuant to Labor Law § 240 (1) and § 241 (6). Angiolillo, J.P., Belen, Roman and Sgroi, JJ., concur.