# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**991**

**CA 13-02035**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, AND VALENTINO, JJ.

---

SEYMOUR MILES AND TANISHA MILES,
PLAINTIFFS-APPELLANTS,

V                                                    MEMORANDUM AND ORDER

BUFFALO STATE ALUMNI ASSOCIATION, INC.,
BUFFALO STATE COLLEGE FOUNDATION HOUSING
CORPORATION, LPCIMINELLI, INC., AND LPCIMINELLI
CONSTRUCTION CORP., DEFENDANTS-RESPONDENTS.

---

DOLCE PANEPINTO, P.C., BUFFALO (STEPHEN C. HALPERN OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

HODGSON RUSS LLP, BUFFALO (PATRICK J. HINES OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered August 27, 2013. The order, among other things, granted the cross motion of defendants for summary judgment dismissing the complaint in its entirety.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action seeking damages for injuries sustained by Seymour Miles (plaintiff) at a construction site for a college dormitory. At the time of the injury, plaintiff and a coworker were in a dormitory room, unloading a double sheet of drywall from a wheeled cart. The remaining drywall on the cart moved and struck them, and the cart also toppled over and allegedly struck plaintiff, causing him to fall to the floor and injure his shoulder. We note at the outset that, although Supreme Court granted in its entirety defendants' cross motion for summary judgment dismissing the complaint, plaintiffs do not contend in their brief that the court erred in granting those parts of the cross motion with respect to the Labor Law § 200 and common-law negligence causes of action. We thus deem any issues with respect thereto abandoned (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 984).

We reject plaintiffs' contention that the court erred in granting that part of the cross motion with respect to Labor Law § 240 (1). At the time of the accident, plaintiff was standing on the ground, the drywall on the cart was not being hoisted or secured, and the cart was

not being hoisted or otherwise moved vertically (*see Davis v Wyeth Pharms., Inc.*, 86 AD3d 907, 909).  We conclude that plaintiff's injuries were not the direct consequence of a failure to provide blocks or stays to protect against a risk arising from a physically significant elevation differential; here, the function of such devices would not have been to protect plaintiff from the effects of gravity (*see Fabrizi v 1095 Ave. of the Ams., L.L.C.*, 22 NY3d 658, 663; *Guallpa v Leon D. DeMatteis Constr. Corp.*, 117 AD3d 614, 615-616).  In our view, defendants established as a matter of law "that the injuries resulted from a general hazard encountered at a construction site and were not 'the direct consequence of a failure to provide' an adequate device of the sort enumerated in Labor Law § 240 (1)" (*Grygo v 1116 Kings Highway Realty, LLC*, 96 AD3d 1002, 1003, *lv denied* 20 NY3d 859), and plaintiffs failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562).

We likewise conclude that the court properly granted that part of the cross motion with respect to the Labor Law § 241 (6) cause of action because the sections of the Industrial Code upon which plaintiffs rely, i.e., sections 23-2.1 (a) (1) and 23-6.1 (j) (2), are inapplicable.  "A plaintiff asserting a cause of action under Labor Law § 241 (6) must demonstrate a violation of a rule or regulation of the Industrial Code which gives a specific, positive command, and is applicable to the facts of the case" (*Rodriguez v D & S Bldrs., LLC*, 98 AD3d 957, 959).  Here, defendants established as a matter of law that 12 NYCRR 23-2.1 (a) (1) is inapplicable because the drywall was in use rather than in storage (*see Zamajtys v Cholewa*, 84 AD3d 1360, 1362), and that it did not constitute a "[m]aterial pile" within the meaning of the regulation (*see Thompson v BFP 300 Madison II, LLC*, 95 AD3d 543, 543-544; *Castillo v Starrett City*, 4 AD3d 320, 321-322).  In opposition, plaintiffs failed to raise a triable issue of fact (*see Grygo*, 96 AD3d at 1003).  Finally, the court properly determined that 12 NYCRR 23-6.1, which sets forth the requirements for material hoisting equipment, is "not applicable in the circumstances of this case" (*Brechue v Town of Wheatfield*, 241 AD2d 935, 936, *lv denied* 94 NY2d 759).

Entered:  October 3, 2014                        Frances E. Cafarell
                                                 Clerk of the Court