# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**404**
**CA 14-01641**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

GARY BUHR, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

CONCORD SQUARE HOMES ASSOCIATES, INC.,
DEFENDANT-RESPONDENT.

---

CELLINO & BARNES, P.C., ROCHESTER (RICHARD P. AMICO OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

OSBORN, REED & BURKE, LLP, ROCHESTER (L. DAMIEN COSTANZA OF COUNSEL),
FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered December 26, 2013. The order, inter alia, denied the motion of plaintiff for partial summary judgment on liability pursuant to Labor Law § 241 (6).

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying that part of the cross motion seeking summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as it is based upon the alleged violations of 12 NYCRR 23-9.4 (e) (1) and (h) (1) and reinstating that cause of action to that extent, and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this common-law negligence and Labor Law § 241 (6) action seeking damages for injuries he sustained when he was assisting in the repair of a broken water pipe at an apartment complex owned by defendant. At the time of the accident, plaintiff's supervisor was operating a backhoe to identify and expose the broken pipe. After the broken pipe was identified, plaintiff was directed to exit the excavation while the supervisor moved the pipe with the teeth of the backhoe bucket. Plaintiff was climbing a ladder out of the excavation when the backhoe bucket swung toward him, struck him in the leg, and pinned his leg against the side of the excavation.

We conclude that Supreme Court properly granted that part of defendant's cross motion seeking summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as it is based upon the alleged violation of 12 NYCRR 23-4.2 (k). That regulation is not sufficiently specific to support the section 241 (6) cause of action (*see Webber v City of Dunkirk*, 226 AD2d 1050, 1051). We further conclude that the court properly denied plaintiff's motion seeking partial summary

judgment on liability pursuant to Labor Law § 241 (6), but erred in granting that part of the cross motion seeking summary judgment dismissing the section 241 (6) cause of action insofar as it is based upon the alleged violation of 12 NYCRR 23-9.4 (e) (1) and (h) (1).  We therefore modify the order accordingly.  Contrary to the court's determination, the testimony of the witnesses to the accident established that the backhoe was being "used for material handling" within the meaning of that regulation (*see Kropp v Town of Shandaken*, 91 AD3d 1087, 1091).  In addition, the eyewitness testimony raises triable issues of fact concerning how the accident occurred, whether the regulations at issue were violated (*see Smith v Torre*, 247 AD2d 896, 897), and whether plaintiff was negligent (*see Mulcaire v Buffalo Structural Steel Constr. Corp.*, 45 AD3d 1426, 1428; *Irwin v St. Joseph's Intercommunity Hosp.*, 236 AD2d 123, 131-132).

Entered:  March 27, 2015                        Frances E. Cafarell
                                                Clerk of the Court