Triest v Nixon Equip. Servs., Inc. (2024 NY Slip Op 00714)

Triest v Nixon Equip. Servs., Inc.

2024 NY Slip Op 00714

Decided on February 9, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, OGDEN, GREENWOOD, AND NOWAK, JJ.

918 CA 23-00360

[*1]PAUL TRIEST, PLAINTIFF-APPELLANT,
v
NIXON EQUIPMENT SERVICES, INC., DEFENDANT-RESPONDENT. (APPEAL NO. 2.) 

SEGAR & SCIORTINO PLLC, ROCHESTER (STEPHEN A. SEGAR OF COUNSEL), FOR PLAINTIFF-APPELLANT.
GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (ROBERT E. SCOTT OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Ontario County (Frederick G. Reed, A.J.), entered January 25, 2023. The order granted the motion of defendant for summary judgment and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the first and second causes of action in the complaint, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained at his employer's premises while he was unloading an alignment jack from the back of a van owned by defendant. Plaintiff's employer had hired defendant to repair a defective alignment jack and, at the time of the accident, defendant's principal was delivering a temporary replacement jack (loaner jack) to be used while defendant was performing its repair. Plaintiff and defendant's principal moved the loaner jack to the edge of the van bed in preparation for lifting the device onto a four-wheeled cart. Plaintiff was injured when he and defendant's principal lifted the loaner jack to place it onto the cart. In appeal No. 1, plaintiff appeals from an order denying his motion for partial summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action. In appeal No. 2, plaintiff appeals from a subsequent order granting defendant's motion for summary judgment dismissing the complaint.
Initially, we dismiss the appeal from the order in appeal No. 1. The right to appeal therefrom terminated upon entry of the final order in appeal No. 2 (see Matter of Aho, 39 NY2d 241, 248 [1976]; see also CPLR 5501 [c]). Furthermore, the appeal from the final order in appeal No. 2 does not bring up for review the propriety of the order in appeal No. 1 inasmuch as the order denying plaintiff's motion did not necessarily affect the final order in this case (see Bonczar v American Multi-Cinema, Inc., 38 NY3d 1023, 1025-1026 [2022], rearg denied 38 NY3d 1170 [2022]; see generally CPLR 5501 [a] [1]).
In appeal No. 2, we conclude that Supreme Court properly granted that part of defendant's motion with respect to the Labor Law § 240 (1) cause of action on the ground that plaintiff was not subject to an elevation-related risk at the time of the accident. "Labor Law § 240 (1) was designed to prevent those types of accidents in which the scaffold, hoist, stay, ladder or other protective device proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person" (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501 [1993]; see Runner v New York Stock Exch., Inc., 13 NY3d 599, 604 [2009]). The protections of that provision, therefore, "do not encompass any and all perils that may be connected in some tangential way with the effects of gravity" (Nicometi v Vineyards of Fredonia, LLC, 25 NY3d 90, 97 [2015] [internal quotation marks [*2]omitted]).
The bed of a truck or similar vehicle does not constitute an elevated work surface for purposes of Labor Law § 240 (1) (see Toefer v Long Is. R.R., 4 NY3d 399, 407-408 [2005]; Grabar v Nichols, Long & Moore Constr. Corp., 147 AD3d 1489, 1490 [4th Dept 2017], lv denied 29 NY3d 909 [2017]; Tillman v Triou's Custom Homes, 253 AD2d 254, 257 [4th Dept 1999]), and the protections of Labor Law § 240 (1) do not apply where a plaintiff is injured while unloading equipment from the bed of a vehicle (see Cabezas v Consolidated Edison, 296 AD2d 522, 522-523 [2d Dept 2002]; Tillman, 253 AD2d at 255, 257; see also Eddy v John Hummel Custom Bldrs., Inc., 147 AD3d 16, 21 [2d Dept 2016], lv denied 29 NY3d 913 [2017]). Inasmuch as there is no dispute that plaintiff's injury occurred as he helped lift the loaner jack from the bed of defendant's vehicle, the court properly determined that Labor Law § 240 (1) does not apply.
We agree with plaintiff, however, that the court erred in granting that part of defendant's motion with respect to the Labor Law § 200 and common-law negligence causes of action, and we modify the order accordingly. Where, as here, a plaintiff's injuries stem from the manner in which the work was being performed, no liability attaches to a defendant "under the common law or under Labor Law § 200 unless it is shown that the [defendant] had the authority to supervise or control the performance of the work" (Mayer v Conrad, 122 AD3d 1366, 1367 [4th Dept 2014] [internal quotation marks omitted]; see generally Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 352 [1998]; Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877 [1993]). Here, we conclude that defendant failed to meet its initial burden on the motion inasmuch as its own submissions raise questions of fact whether defendant's principal actually directed or controlled the work that resulted in plaintiff's injuries (see generally Ross, 81 NY2d at 505-506). Furthermore, even though it is undisputed that defendant was not the owner of the premises or a general contractor, defendant's submissions raise questions of fact whether it was an agent of the owner to the extent that the owner—i.e., plaintiff's employer—delegated to defendant the activity, and thus control of the activity, that resulted in the accident (see generally Walls v Turner Constr. Co., 4 NY3d 861, 863-864 [2005]; Locke v URS Architecture & Eng'g-N.Y., P.C., 202 AD3d 505, 505-506 [1st Dept 2022]).
Finally, we agree with plaintiff that the court erred in concluding with respect to the Labor Law § 200 cause of action that defendant established, as a matter of law, that plaintiff was a volunteer who "offer[ed] his . . . services gratuitously" when he helped defendant's principal lift the loaner jack (Luthringer v Luthringer, 59 AD3d 1028, 1029 [4th Dept 2009] [internal quotation marks omitted]; see generally Whelen v Warwick Val. Civic & Social Club, 47 NY2d 970, 971 [1979]). Defendant's submissions raise questions of fact insofar as they suggest that plaintiff was required to offer his services to defendant in unloading the loaner jack and that defendant had an understanding with plaintiff's employer that the latter's employees would be available for defendant's use when it delivered the loaner jack (see generally Lysiak v Murray Realty Co., 227 AD2d 746, 747-748 [3d Dept 1996]).
Entered: February 9, 2024
Ann Dillon Flynn
Clerk of the Court