Brongo v Town of Greece (2024 NY Slip Op 06439)

Brongo v Town of Greece

2024 NY Slip Op 06439

Decided on December 20, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, NOWAK, AND KEANE, JJ.

671 CA 23-01616

[*1]STEVEN BRONGO AND MARTA BRONGO, PLAINTIFFS-APPELLANTS,
v
TOWN OF GREECE, DEFENDANT-RESPONDENT, ET AL., DEFENDANTS. 

MAXWELL MURPHY, LLC, BUFFALO (ALAN D. VOOS OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
GALLO & IACOVANGELO, LLP, ROCHESTER (CRAIG D. CHARTIER OF COUNSEL), FOR DEFENDANT-RESPONDENT.

 Appeal from an order of the Supreme Court, Monroe County (Vincent M. Dinolfo, J.), entered September 8, 2023. The order granted the motion of defendant Town of Greece for summary judgment dismissing the amended complaint against it and denied the cross-motion of plaintiffs seeking leave to amend the bill of particulars. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the Labor Law § 200, common-law negligence and derivative causes of action against defendant Town of Greece, and as modified the order is affirmed without costs.
Memorandum: In this Labor Law and common-law negligence action, plaintiffs appeal from an order that granted the motion of defendant Town of Greece (Town) for summary judgment dismissing the amended complaint against it and that denied plaintiffs' cross-motion for leave to amend the bill of particulars to include a violation of 12 NYCRR 23-9.2 (a) as part of their Labor Law § 241 (6) cause of action.
The Town contracted with the employer of plaintiff Steven Brongo (plaintiff) to perform milling and asphalt work on the Town's road. As part of the project, plaintiff operated a water truck used to cool the mill's blades. Plaintiff drove to a fire hydrant located at the Town's Department of Public Works to fill his water tank. However, the hose attached to the hydrant was torn, frayed and lacked a coupler to connect the hose to the truck's fill port. Plaintiff attempted to use the hose to fill the truck through the top, but the force of the water through the hose caused it to whip around, knocking plaintiff off a ladder used to access the top of the truck and causing plaintiff injuries. Plaintiffs thus commenced this action sounding in, inter alia, common-law negligence and violations of Labor Law §§ 200 and 241 (6).
Contrary to plaintiffs' contention, Supreme Court properly granted that part of the motion with respect to the Labor Law § 241 (6) cause of action inasmuch as the Town met its initial burden with respect thereto and, in response, plaintiffs failed to raise a triable issue of fact (see Miles v Buffalo State Alumni Assn., Inc., 121 AD3d 1573, 1574-1575 [4th Dept 2014]). Indeed, in opposition to the motion, plaintiffs alleged that defendant violated 12 NYCRR 23-9.2 (a), which "is 'not applicable in the circumstances of this case' " (id. at 1575; see Brown v New York-Presbyt. HealthCare Sys., Inc., 123 AD3d 612, 612 [1st Dept 2014]; cf. Piccolo v St. John's Home for the Aging, 11 AD3d 884, 886 [4th Dept 2004]).
We agree with plaintiffs, however, that the court erred in granting the motion with respect [*2]to the Labor Law § 200 and common-law negligence causes of action, and thus the derivative cause of action, and we therefore modify the order accordingly. The Town failed to address plaintiffs' allegations in the amended complaint and bill of particulars regarding an unsafe premises condition and, therefore, we conclude that it failed to meet its initial burden on the motion (see Rodriguez v HY 38 Owner, LLC, 192 AD3d 839, 841-842 [2d Dept 2021]; see generally Drew v J.A. Carmen Trucking Co., Inc., 8 AD3d 1112, 1113 [4th Dept 2004]; Mineo v Taefi, 280 AD2d 971, 971 [4th Dept 2001]).
We further agree with plaintiffs that there are triable issues of fact as to proximate cause, specifically regarding whether the equipment that defendant alleges that plaintiff should have used—an undamaged hose with the appropriate coupling to permit attachment to the rear of the water truck—was readily available at the worksite.
Entered: December 20, 2024
Ann Dillon Flynn
Clerk of the Court