Mather v HFZ KIK 30th St. Owner LLC (2025 NY Slip Op 06909)

Mather v HFZ KIK 30th St. Owner LLC

2025 NY Slip Op 06909

Decided on December 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 11, 2024

Before: Kern, J.P., Friedman, Rodriguez, Pitt-Burke, Rosado, JJ. 

Index No. 161223/19 595632/20|Appeal No. 5367|Case No. 2024-05955|

[*1]Cody Mather, Plaintiff-Respondent,
vHFZ KIK 30th Street Owner LLC, et al., Defendants-Appellants,
HFZ KIK 30th Street Owner LLC, et al., Third-Party Plaintiffs,
vLinde-Griffith Construction Co., Third-Party Defendant-Appellant.

Pillinger Miller Tarallo, LLP, Elmsford (Anu Bhargava of counsel), for HFZ KIK 30th Street Owner LLC and Pavarini Mcgovern, LLC, appellants.
Ahmuty, Demers & McManus, Albertson (Nicholas P. Calabria of counsel), for Linde-Griffith Construction Co., appellant.
Sakkas, Cahn & Weiss, LLP, New York (Matthew Sakkas of counsel), for respondent.

Order, Supreme Court, New York County (Eric Schumacher, J.), entered on or about August 22, 2024, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on his Labor Law § 241(6) claim as predicated on a violation of Industrial Code (12 NYCRR) § 23-9.4(e), and denied the respective motions of defendants and third-party defendant for summary judgment dismissing plaintiff's Labor Law § 241(6) claim as predicated on violations of Industrial Code §§ 23-9.4(e) and 23-9.5(c), unanimously affirmed, without costs.
Plaintiff was injured when an excavator pushed a dumpster into plaintiff, pinning him between another dumpster. Industrial Code § 23-9.4(e)(1) specifically provides that "[a]ny load handled by such equipment" must be secured as provided by the regulation. Here, the excavator clearly "handled" the dumpster as the operator began moving it (see Malloy v Madison Forty-Five Co., 13 AD3d 55, 57 [1st Dept 2004]). The excavator operator violated Industrial Code § 23-9.4(e) because it is undisputed that he did not rig the dumpster as required by the regulation. Moreover, this violation constituted negligence because it was unsafe to move the dumpster by pushing it rather than rigging it.
It is also undisputed that the maneuvering of the rig to move the dumpster caused plaintiff's injury by pinning him between the two dumpsters. Although plaintiff walked away from the excavator between the dumpsters, he credibly testified that this was the only way he could stay in the operator's line of sight. The video evidence and photographs corroborate his testimony. Even assuming plaintiff was comparatively negligent by walking between the dumpsters, he is not required to show freedom from comparative negligence to be entitled to summary judgment on liability under Labor Law § 241(6) (Cotroneo v Van Wagner Sign Erectors, LLC, 210 AD3d 421, 422 [1st Dept 2022]).
As to Industrial Code § 23-9.5(c), plaintiff stresses that before leaving the cab of the excavator, he notified the operator that he was going to retrieve the rigging to move the dumpsters, but the operator decided to move the dumpster immediately after plaintiff left the cab, before he retrieved the rigging, and while he was still in its range. Thus, there is an issue of fact as to whether the excavator was "not in use" at the time of the accident (see Webber v City of Dunkirk, 226 AD2d 1050, 1051 [4th Dept 1996]; Benevento v City of Buffalo, 74 AD3d 1738, 1740 [4th Dept 2010], lv denied 77 AD3d 1457 [2010]).
We have considered defendants' and third-party defendant's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 11, 2024